# Sherman v. The State.

### Violating Prohibition Law.

(Decided June 30, 1916. Rehearing denied August 1, 1916.
72 South. 755.)

1. **Bill of Exceptions; Presentation; Time.**—A bill of exceptions not presented to the trial judge within the time provided by the statute cannot be looked to in reviewing the rulings occurring on the trial.

2. **Same.**—Where the bill of exceptions is presented to the trial judge within 90 days from a ruling on a motion for a new trial, it may be looked

[Sherman v. The State.]

to and considered in reviewing the questions presented by that motion, notwithstanding it cannot be looked to for the purpose of reviewing the rulings occurring on the main trial.

3. **Criminal Law; Appeal; Entry of Record.**—Under Acts 1915, p. 712, where the entry of judgment of conviction recited that defendant made known his desire to prosecute an appeal therefrom, and ordering a suspension of sentence pending said appeal, it sufficiently appears that defendant complied with all the requirements of the statute necessary to a review of the trial.

4. **New Trial; Jurisdiction.**—A trial court is without jurisdiction to entertain a motion for a new trial after an appeal has been taken.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

S. N. Sherman was convicted of violating the prohibition law and he appeals. Affirmed.

(Ed. Note—This cause was reviewed by Supreme Court on application for certiorari, and the writ was denied. See *Ex parte Sherman*, 198 Ala. 700, 73 South. 1002.)

WERT & LYNNE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1, 2) This case was tried and the judgment of conviction entered on the 3d day of December, 1915. The bill of exceptions appears to have been signed on the 7th day of March, 1916, although the judge certifies that it was not presented to him for his signature until March 24, 1916. Whether we consider the 7th of March or the 24th as the date of the presentation, the bill of exceptions was not presented to the judge for his signature within the time required by the statute, and cannot be looked to as a part of the record for reviewing the rulings of the court occurring on the trial; but having been presented within 90 days from the ruling of the court on the motion for new trial, may be considered a part of the record to review the questions presented by the motion.—*Cassells' Mill, et al. v. Strater Bros. Grain Co.*, 166 Ala. 274, 51 South. 969; *McCary v. A. G. S. R. R. Co.*, 182 Ala. 597, 62 South. 18; *McOllister v. State*, 183 Ala. 8, 62 South. 767; *Harper v. State*, 13 Ala. App. 47, 69 South. 302.

(3) The recent act regulating the manner of taking appeals in criminal cases provides: "That appeals in criminal cases must be taken at the time of sentence or confession of judgment

or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered, or; (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment; the statement to be filed within six months."—Acts 1915, p. 712, § 7.

The judgment in this case, which was entered on the 3d day of December, 1915, recites: "Thereupon, the defendant having made known his desire to prosecute an appeal from the judgment and sentence of the court to the Court of Appeals, it is ordered by the court that the execution of the sentence in this case be suspended, pending said appeal. It is further ordered by the court that said defendant be admitted to bail in the sum of seven hundred and fifty dollars pending said appeal."—Acts 1915, p. 712, § 7.

This entry shows that the defendant complied with all the requirements of the statute on the 3d day of December, 1915, necessary to entitle him to a review of the judgment of conviction by this court.—*Gaines v. State,* 146 Ala. 16, 41 South. 865; *Campbell v. State,* 182 Ala. 18, 62 South. 57; *Rivers v. State,* 13 Ala. App. 362, 69 South. 387. While the defendant had the right to prepare and present a bill of exceptions to obtain a more complete review, the fact necessary to the jurisdiction of the appellate court—the taking of the appeal—was accomplished by having this fact entered of record in compliance with the statute.—*Gaines v. State, supra.*

(4) Subsequent to the taking of the appeal, the defendant filed a motion for new trial, and on the 3d day of January, 1916, an order was made denying the motion, and we are asked to review this action of the court.

After the appeal was taken in the manner provided for by the statute the jurisdiction over the case was transferred from the trial court to this court; and the trial court was without authority to entertain the motion for new trial.—*McLaughlin v. Beyer,* 181 Ala. 427, 61 South. 62; *Lasseter v. Deas,* 9 Ala. App. 564, 63 South. 735; *Ex parte Hood, et al.,* 107 Ala. 520, 18 South. 176.

The judgment and proceedings of the trial court shown by the record proper appear in all things regular and free from error.

Affirmed.