81 So.2d 674

**JEFFERSON IRON & METAL COM-PANY et al.**

v.

**John H. BETHUNE (Birmingham Building Company).**

**6 Div. 808.**

Supreme Court of Alabama.

June 30, 1955.

E. M. Zeidman, Roderick Beddow and Lawrence Dumas, Jr., Birmingham, for appellants.

Deramus, Fitts, Johnston & Mullins, Harvey Deramus and Harvey Elrod, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a judgment granting a new trial to appellee, the plaintiff below.

The transcript filed in this court does not contain the pleadings on which the cause was submitted to the jury; the evidence taken on the main trial; or the court's oral charge or the written charges requested by the parties.

The motion for a new trial filed by the plaintiff in the court below contained sixty-three grounds, many of which dealt with the trial court's rulings on the admission and exclusion of evidence and many others challenged the action of the trial court in the giving and refusal of written charges.

However, the judgment from which the appeal is taken shows that the new trial was granted "for and because of the circumstances and misconduct as charged and set forth in Grounds 15–20 inclusive and Ground 63, and only because of the same * * *."

The grounds of the motion for a new trial upon which the trial court based its action all related to the claim of misconduct on the part of a juror.

The transcript filed in this court is so constructed as to present for our review the one question as to whether or not the trial

132

court acted correctly in granting the new trial on the grounds stated in its judgment.

■ The rule is well established that our review of the action of the trial court in granting a motion for new trial is not limited to the grounds on which the motion was granted. It is open to appellee to show error in the trial on any other of the grounds assigned in the motion. Rhodes v. Roadway Express Co., 261 Ala. 14, 73 So.2d 740; Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224.

■ The burden is on an appellant to show error and that it is prejudicial. King v. Scott, 217 Ala. 511, 116 So. 681. The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court. Graham v. State, 30 Ala.App. 179, 2 So.2d 463.

We take note of the fact that the certificate of the clerk, as amended, does not show that the transcript contains "a full and complete transcript of the record and proceedings in the case". § 767, Title 7, Code 1940.

■ We cannot say in view of the incomplete record before us that error, if any, on the part of the trial court in granting the motion for a new trial on the stated ground constituted prejudicial error. Some or all of the other grounds of the motion may have been well taken.

It follows that the judgment appealed from is due to be affirmed. It is so ordered. The disposition which we have made of the case makes it unnecessary to treat appellee's motions to dismiss the appeal and to strike the transcript.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.