87 So.2d 669

### Odell CLARK

### v.

### STATE.

### 8 Div. 798.

Court of Appeals of Alabama.

May 22, 1956.

Smith, Johnston & Butler, Huntsville, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The Attorney General has filed a motion to strike the record in this cause, appeal having previously on 24 May 1955 been dismissed by this court.

The records of this court show that a certificate of appeal in this cause was filed in this court on 14 April 1955. This certificate recites that this appellant was, on 11 November 1954 convicted of manslaughter in the first degree, and on said date sentenced to a term of ten years in the penitentiary, which sentence was suspended pending appeal. The certificate further recites that on 11 November 1954 the defendant gave notice in open court of an appeal to this court.

Thereafter, on 19 May 1955, at the regular call of the 8th Division in this court the cause was submitted on the Attorney General's motion to dismiss the appeal.

More than six months having elapsed from date of appeal, and no record having been filed, the appeal was ordered dismissed by this court on 24 May 1955, and on that date a certificate of dismissal was issued and mailed to the Clerk of the Circuit Court of Madison County.

■ The effect of the order of dismissal of this court entered on 24 May 1955 was to restore to full force and effect the judgment of the lower court. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974.

Thereafter no effort of any kind has been made by appellant to have the order of dismissal set aside.

We call attention of the officials below to the provisions of Section 376, Title 15, Code of Alabama 1940.

We note that the transcript of the evidence was filed with the clerk below on 6 September 1955, practically nine months after the notice of appeal.

■ While a motion for a new trial was filed on 7 December 1954, no notice of the filing of such motion was given this court. However, it further appears that the motion was continued until 17 December 1954. No further orders pertaining to the motion for a new trial were made until 8 April 1955, when it was overruled. The motion therefore became discontinued and functus officio upon the expiration of 30 days from 11 November 1954, and the order overruling the motion on 8 April 1955 was of no effect.

■ The transcript of the evidence in the present record was filed in the office of the clerk below on 6 September 1955. No objections were filed to the transcript of the evidence within ten days of its filing. Its correctness is therefore conclusively presumed as of the date of its filing, i. e. 6 September 1955.

Therefore the full record was not filed in this court until 16 January 1956, some 130 days after the filing of the transcript of the evidence.

■ Section 769, Title 7, Code of Alabama 1940, provides that the appellant shall file the transcript (full record) in the office of the clerk of this court within sixty days of the establishment of the bill of exceptions. The transcript of the evidence is now of course substituted for the bill of exceptions.

Further, Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, provides as follows:

"Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in

this court within five days from the date of such order."

No extension of time for the filing of the record in this court was sought in either the court below or in this court.

The motion of the Attorney General to strike the record is hereby granted.

Record stricken.