87 So.2d 668

**Velma LANE**

**v.**

**STATE.**

**6 Div. 198.**

Court of Appeals of Alabama.

May 22, 1956.

Skidmore & Davidson, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

In this cause the Attorney General has timely moved to dismiss this appeal on the grounds that it affirmatively appears that the record was not filed in this court within sixty days after the transcript of the evidence had been established in the court below.

The record shows that the transcript of the evidence was filed with the circuit clerk on 3 August 1955, with notice to counsel, as required by Section 827(1a), Title 7, Code of Alabama 1940.

No objections were filed to the transcript of the evidence within ten days of its filing

with the circuit court. Therefore, the correctness of the transcript of evidence must be conclusively presumed as of the date of its filing. Section 827(1a), supra.

Thereafter the full record was not filed in this court until 22 November 1955, some 110 days after the establishment of the transcript of the evidence in the court below.

Section 769, Title 7, Code of Alabama 1940, provides that the appellant shall file the transcript (full record) in the office of the clerk of this court within sixty days of the establishment of the bill of exceptions. The transcript of the evidence is now of course substituted for the bill of exceptions.

Further, Supreme Court Rule 37 provides as follows:

"Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

No extension of time for the filing of the record in this court was sought in either the court below or in this court.

It appears therefore that the operation of statutes and rules appertaining necessitate a granting of the Attorney General's motion to dismiss this appeal, and it is so ordered.

Appeal dismissed.