99 So.2d 216

#### William RELF

v.

#### The STATE of Alabama.

#### 5 Div. 671.

Supreme Court of Alabama.

Nov. 7, 1957.

Rehearing Denied Dec. 19, 1957.

4

Harry D. Raymon, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was indicted, tried and convicted of rape, was sentenced for a term of thirty-five years in the penitentiary, and has appealed.

The State has filed a motion to strike the entire record and, in the alternative, has moved that the transcript of the evidence be stricken. The motion must be granted in both alternatives, and we shall discuss the reasons in each instance.

 Appellant was convicted and sentenced on October 22, 1956, and on that same day, defendant gave "notice of appeal to the Supreme Court of Alabama."

Title 15, § 368, Code 1940, provides:

"Appeals in criminal cases must be taken at the time of sentence or confession of judgment, or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered; or, (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment, the statement to be filed within six months; provided, however, that the trial court shall retain jurisdic-

tion of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made, and any appeal from a judgment of conviction shall also raise the question of the correctness of the court's ruling on a motion for a new trial made within the time allowed, and in the manner prescribed by law."

Appellant took his appeal at the time the judgment was rendered and any later compliance with subsection (b) of § 368 was ineffectual. An appeal is taken, within the meaning of the statute, when the record shows the defendant has expressed a desire to take an appeal and has complied with the statutory requirements upon which the law gives the right, Campbell, v. State, 182 Ala. 18, 62 So. 57; Sherman v. State, 15 Ala.App. 175, 72 So. 755; or to express it differently—an appeal is deemed perfected if the defendant, upon the rendition of a judgment, expresses a desire to appeal. McDaniel v. State, Ala. App., 96 So.2d 319.

Act No. 886, Acts of Alabama 1951, p. 1527, listed in the Pocket Part of the Code as Tit. 7, §§ 827(1)–827(6), as amended by Act No. 97, Acts of Alabama Special Sessions 1956, p. 143, provides that the court reporter's transcript of the evidence must be filed with the clerk of the circuit court within sixty days from the date on which the appeal was taken; or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later.

Here, a motion for a new trial was timely made and duly and legally continued until January 31, 1957. No further orders pertaining to the motion were made until February 6, 1957, when it was overruled. The motion, therefore, became discontinued and the order overruling the motion was of no effect. Clark v. State, 38 Ala.App. 480, 87 So.2d 669; McVey v. State, 38 Ala.App. 327, 82 So.2d 926. Since there was no judgment on the motion, there was no new point of departure from which the time for filing the transcript of the evidence could begin to run. The time, therefore, must be dated back to the date on which the appeal is taken. Stallings v. Clark, 218 Ala. 31, 117 So. 467; Folmar v. First Nat. Bank of Montgomery, 223 Ala. 625, 137 So. 777; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d. 290. See Richards v. Williams, 231 Ala. 450, 165 So. 820; Merritt v. Carter, 243 Ala. 272, 9 So.2d 779; Pate v. State, 244 Ala. 396, 14 So.2d 251.

Applying the law of these cases to the facts in the instant case, it follows that the transcript of the evidence should have been filed within sixty days after October 22, 1956, unless the time was extended by the trial court for cause. It was not filed until May 2, 1957, more than four months after it was due, and there is nothing in the record showing that the period of time for filing the transcript with the clerk was "extended by the trial court for cause" as provided by the statute. The motion to strike the transcript of the evidence must be granted. Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247; McDaniel v. State, Ala. App., 96 So.2d 319.

We come now to the question of whether the transcript of the record should be stricken.

The appellant gave notice of appeal on October 22, 1956; the sixtieth day thereafter was December 21, 1956. The transcript of the record was filed in this court on May 21, 1957.

Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, as amended February 17, 1956, reads as follows:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the

taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

Rule 37 clearly requires the filing of the transcript of the record in this court within sixty days from two possible dates. The first date is the actual establishment of the bill of exceptions or the transcript of the testimony. The procedure for establishing the bill of exceptions or the transcript of the evidence is set out in the 1940 Code, Pocket Part, listed as Tit. 7, § 827(1a). Usually, no objections are made and in that event, the correctness of the transcript of the evidence is conclusively presumed as of the date of its filing. Section 827(1a), supra. There should be no difficulty in arriving at the correct date from which the sixty days begin to run.

The second date is more difficult to set. It is pertinent in the instant case. If a transcript of the evidence is sought under Tit. 7, § 827(1), but is not filed or established, or, if, as here, it is established too late (which amounts to the same thing as not established at all), what is the date from which the sixty days begin to run? We set that date as the last day upon which the transcript of the evidence *could* or *should* have been filed by the court reporter with the circuit clerk. The court reporter had sixty days after October 22, 1956, to file the transcript of the evidence, no extension of time having been sought, and the sixtieth day was December 21, 1956. Therefore, the transcript of the record should have been filed here sixty days after December 21st, no extension of time having been sought under Supreme Court Rule 37, which would have been February 19, 1957.

Our holding here is distinguishable from that in Duke v. State, 264 Ala. 624, 89 So. 2d 102. There, the appeal was on the record proper without a transcript of the evidence, and we held that since there was no effort to secure a transcript of the evidence, the sixty days began to run from the time the appeal was taken, and had expired more than five months before the record was filed in this court.

Also, we call attention that there is no conflict in our holding in the instant case with the two Court of Appeals cases of Lane v. State, 38 Ala.App. 487, 87 So.2d 668, and Clark v. State, 38 Ala.App. 480, 87 So.2d 669. In each of those cases, the transcript of the evidence was filed by the court reporter but the transcript of the record was not filed in the Court of Appeals within the required sixty days, no extension of time having been sought. Certainly, the court reporter is not required to wait the full time allowed in which to file his transcript of the evidence, and, there being no objections filed to it, the sixty days in which to file the transcript of the record in this court begin to run from the date of the filing of the transcript of the evidence with the circuit clerk. See Lane v. State, supra.

No extension of time for the filing of the transcript of the record was sought by appellant in the lower court or in this court as provided by Rule 37, supra.

The motion to dismiss the appeal is granted.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.

On Rehearing

MERRILL, Justice.

Appellant earnestly insists that he and his counsel are not at fault because the motion for the new trial became discontinued and the transcript of the evidence was filed on an incorrect date. He concedes that to grant a rehearing in this cause, we would have to overrule many decisions which we followed as precedent in holding that since the motion for a new trial became discontinued, the time for filing the transcript must begin to run from the date on which the appeal was taken. We are not willing to overrule those authorities.

However, subsequent to the announcement of our decision in this cause, we have read a letter from the trial judge and an affidavit of the court reporter, taking upon themselves the blame for certain deficiencies which compelled us to dismiss the appeal, and absolving appellant and his counsel of any blame therefor. In view of these peculiar circumstances, we have read the record and carefully and minutely considered every point raised in appellant's brief. We are clear to the conclusion that had the appeal not been dismissed, the judgment of the circuit court would have been affirmed.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.