101 So.2d 638

**Carl Benny WEST**

v.

**STATE.**

7 Div. 481.

Court of Appeals of Alabama.

Jan. 21, 1958.

Rehearing Denied Feb. 11, 1958.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

On February 18, 1957, West was indicted for robbery, tried on February 25, and was found guilty and sentenced to fifteen years penal servitude.

The State has moved to strike the record and dismiss West's appeal because the record proper was not filed here within the time required by revised Rule 37 of the Supreme Court, Code 1940, Tit. 7 Appendix.

West moved the court below to grant him a new trial, this on March 19, 1957. After proper continuances the trial judge, on May 27, denied the motion. West got his transcript of testimony in the clerk's office on June 15, 1957. The record proper was filed here August 23. The scheduled last day under Rule 37 (no extensions appearing of record) was August 14, which fell on Wednesday.

Replying to the Attorney General's motion, West has filed an affidavit of the circuit clerk reading:

"* * * the record in the case of 'The State of Alabama vs. Carl Benny West', which is DeKalb County Circuit Court case No. 239 in said court, was large and it took a long time to prepare the record and the Clerk's office had a lot of work on hand at that time, and it was impossible to get the record ready within the sixty days, and I did not call this matter to the attention of the Court nor the Attorneys for the Defendant, but went ahead and mailed it to the Clerk of the Court of Appeals as soon

· W. M. Beck and Loma B. Beaty, Fort Payne, for appellant.

as I got it ready, and I thought I had mailed it within the time, but apparently I was a few days late.

"I mailed the record as soon as I got it ready and I was rushed to get it ready to file in the Court of Appeals and it is customary for the Clerk of the Court in this county to mail the record as soon as it is ready directly to the Court appealed to. I was responsible for this delay and respectfully ask that the Court permit the record to stand and be considered on its merits, because the failure to file the record on time was my fault due to heavy work in the office and was not due to any fault of the attorneys for the Defendant, Carl Benny West."

Rule 37, as amended, 263 Ala. xxi, as here pertaining reads:

"* * * Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. * * *"

Since the trial judge had power in the instant case to extend the filing date with this court, we are inclined to view the failure to bring the question before him as precluding our going into the merits or demerits of the delay. Had the trial judge been shown to have been disabled or otherwise out of pocket for the entire additional thirty days, we should have had jurisdiction to entertain a petition for extension upon notice, all as more fully provided in the amended Rule.

In the state of the record we must grant the motion and dismiss the appeal.

Motion granted; record stricken and appeal dismissed.

On Application for Rehearing

CATES, Judge.

In his application for rehearing, West cites Colquett v. Williams, 264 Ala. 214, 86 So.2d 381, for the proposition that the ten days (given by Section 2, Act. No. 886 of September 12, 1951—Code Supp., T. 7, Section 827(1a)) for establishing the correctness of the transcript of the evidence is to be added to the time otherwise available. In Colquett v. Williams, additional time for establishing the transcript was used.

Here, the record fails to show any such procedure. Thus, the ten days, only a child of necessity, has been stillborn, Lane v. State, 38 Ala.App. 487, 87 So.2d 668.

Since the foregoing was written, the Supreme Court has decided Relf v. State, 267 Ala. 3, 99 So.2d 216, 220, and on rehearing there Mr. Justice Merrill said:

"However, subsequent to the announcement of our decision in this cause, we have read a letter from the trial judge and an affidavit of the court reporter, taking upon themselves the blame for certain deficiencies which compelled us to dismiss the appeal, and absolving appellant and his counsel of any blame therefor. In view of these peculiar circumstances, we have read the record and carefully and minutely considered every point raised in appellant's brief. *We are clear to the conclusion that had the appeal not been dismissed, the judgment of the circuit court would have been affirmed.*" (Italics ours.)

The Supreme Court in Relf let stand its original judgment, viz., dismissing the appeal. Hence, upon a strict analysis, the

court's review of the record is not germane to the result reached; otherwise, an order of affirmance would have been entered.

■ We have heretofore had similar instances where (as here) court reporters or clerks have assumed blame for fatal delays; we unvaryingly have considered that *only* the trial judge has jurisdiction to extend the filing time during the first thirty days of the delay. While an error or oversight of the trial judge might be "good cause" within the meaning of the amended rule (263 Ala. xxi), we do not consider the clerk's assumption of blame (particularly in the absence of an application to and ruling by the trial judge as required by Rule 37, amended) affords any excuse to mitigate the application of an unbroken line of decisions of the Supreme Court and of this court.

We adhere to our original opinion.

Application overruled.