104 So.2d 481

**J. P. ROGERS**

v.

**STATE.**

**8 Div. 163.**

Court of Appeals of Alabama.

March 11, 1958.

Rehearing Denied May 20, 1958.

442

Noble J. Russell, Decatur, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was adjudged guilty on 24 November 1956.

On 10 December 1956 he gave notice of appeal.

On 4 January 1957 a motion for a new trial was filed, and was set for hearing on 26 January 1957.

An amendment to the motion for a new trial was filed on 2 February 1957, and the motion for a new trial as amended was heard and overruled on that day.

The transcript of the record was filed in the circuit court on 17 January 1957, and the entire record was filed in this court on 3 April 1957.

The Attorney General has filed a motion to strike this record because not timely filed.

The motion is well taken.

The motion for a new trial was not filed until 4 January 1957, some 41 days after judgment. The motion, and orders pursuant thereto, were therefore functus officio, the lower court having lost jurisdiction to entertain such motion upon the expiration of 30 days from the date of judgment. Bullard v. State, 29 Ala.App. 117, 192 So. 430; Clark v. State, 38 Ala.App. 480, 87 So.2d 669.

We must therefore look to the date of the notice of appeal, that is, 10 December 1956 in reckoning the time.

The transcript of evidence was timely filed in the circuit court, that is, within 60 days of the date of the notice of appeal.

The record was not however filed in this court until 3 April 1957, some 75 days after the filing of the transcript of the record in the circuit court.

No request for extension of time for filing the record was requested either in the court below, or in this court.

The motion of the Attorney General to strike the record is therefore well taken. Clark v. State, supra; Lane v. State, 38 Ala.App. 487, 87 So.2d 668.

Record stricken; appeal dismissed.

On Rehearing.

HARWOOD, Presiding Judge.

In appellant's application for rehearing his counsel argues that the date from which we should reckon the time limits in reference to filing the record in this court is 4 February 1957, the date on which the motion for a new trial was overruled.

Counsel argues that judgment of sentence was entered on 10 December 1956, and that

date should govern in determining the date of judgment.

The record shows that a formal judgment of guilt was entered on 24 November 1956, and the court on that day deferred sentencing until 8 December 1956, to await the report of the probation officer. On 8 December 1956 the hearing on the application for probation, and sentencing was continued to 10 December, on which date the court formally imposed a sentence.

Appellant's contention is without merit.

■ Appeals are statutory, and by Section 367, Title 15, Code of Alabama 1940, an appeal lies only from the judgment of conviction.

■ The judgment referred to in Section 119, Title 13, Code of Alabama 1940, in which it is provided that a motion for new trial must be requested within 30 days from the rendition of a judgment, must be deemed to mean the judgment from which an appeal is authorized. See Harper v. State, 13 Ala.App. 47, 69 So. 302.

Application denied.