121 So.2d 888

**Ernest L. CUNNINGHAM**

v.

**STATE.**

1 Div. 718.

Court of Appeals of Alabama.

June 10, 1958.

Rehearing Denied Aug. 19, 1958.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes and Geo. Young, Asst. Attys. Gen., for the State.

HARWOOD, Presiding Judge.

On 5 December 1955 this appellant was adjudged guilty of manslaughter in the first degree, and on that day gave notice of appeal.

His timely filed motion for a new trial was overruled on 26 December 1955.

On 9 January 1956 the court reporter filed a transcript of the evidence with the circuit clerk below, with notice of said filing to the attorneys of record.

The full record was filed in this court on 30 July, 1956, some six months and twenty days after the filing of the transcript of evidence by the reporter.

The Attorney General has filed a motion to strike the record because not timely filed in this court, and to dismiss this appeal.

Supreme Court Rule 37, found in Title 7, Code of Alabama, 1940, as amended February 17, 1956, requires that the full record be filed in this court within sixty days after the establishment of the transcript of the evidence in the court below. The trial judge may extend the time for the filing of the full record in this court for good cause for not to exceed thirty days, and, as amended, Rule 37 now provides that this extension may be made within the thirty additional days, though in no event shall such extension project the time for filing the transcript of the full record beyond ninety days. Thereafter, the time for filing in this court may be extended only by this court for good cause shown.

There was no request for extension of time for filing the record in this court made either to the court below, or to this court.

By Section 827(1a), Code 1940, Tit. 7 either party may file objections to the transcript of the evidence as filed by the court reporter, such objections to be filed within ten days after the filing of the transcript of evidence with the circuit clerk. If no objections are filed the transcript is conclusively presumed to be correct as of the date of its filing.

No objections were filed in the court below to the transcript of evidence filed by the reporter in this case.

The following notation in handwriting does appear in this record following the reporter's certificate to the transcript of the evidence:

"Testimony approved by R. E. L. Key, Solicitor and Arthur D. Shores, Attorney for Defendant.

"This April 19, 1956
                    "A. H. Elliott, Judge."

This notation is of no legal significance. No objections were filed to the transcript, and the trial judge is not required to certify to the correctness of the transcript of the evidence in criminal cases.

**20**

The transcript of the evidence, conclusively presumed correct, must be deemed filed on 9 January 1956. The entire record was not filed in this court until 30 July 1956, some four months and twenty days after the date that it should have been filed.

■ The motion of the Attorney General to strike this record and dismiss this appeal is well taken, and is hereby granted. Lane v. State, 38 Ala.App. 487, 87 So.2d 668; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Relf v. State, 267 Ala. 3, 99 So.2d 216.

In support of their brief in opposition to the Attorney General's motion to strike this record, counsel for appellant have filed an affidavit by Arthur D. Shores, one of the counsel of record for the appellant, in which it is set forth that the clerk of the circuit court below had requested his aid in assembling the record, as he had not had a similar case, and further, that because of pending duties of the clerk it was necessary for the clerk to have additional time in preparing the record. It is further averred in the affidavit that both the attorneys for the State, and for the defendant had approved the transcript of the evidence on 19 April 1956.

It would appear from this affidavit that instead of excusing the delay in filing the record in this court, the attorneys for the appellant were put on notice by the clerk that additional time probably would be needed. Application for such extension, for cause shown, should have first been addressed to the court below, and if necessary, to this court. Certainly in the first instance, such information should have been imparted to the trial judge in support of the primary application for extension of time. Supreme Court Rule 37.

As before stated, the entry in the record by the trial judge showing that the transcript of the evidence as filed by court reporter was approved by counsel for the defendant and for the State on 19 April 1956,

is of no legal significance. Even so, this entry was made more than sixty days after the establishment of the reporter's transcript of the evidence in the court below.

Record stricken; appeal dismissed.