105 So.2d 864

Robert Horace **HORNBUCKLE**

v.

The **STATE** of Alabama.

8 Div. 943.

Supreme Court of Alabama.

Oct. 9, 1958.

Rehearing Denied Oct. 30, 1958.

Smith, Johnston & Butler, Huntsville, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was convicted of murder in the second degree and sentenced to ninety-nine years imprisonment in the penitentiary.

The State has filed a motion to dismiss the appeal because the transcript was filed more than sixty days after the transcript of the evidence was established in the trial court.

Supreme Court Rule 37, as amended, Code 1940 Tit. 7 Appendix, provides that the transcript shall be filed with the clerk of this court within sixty days after the transcript of the evidence has been established in the court below. It also provides that the trial court and this court may extend the time for filing the transcript with

**348**

this court—263 Ala. XXI. There is nothing in the record to indicate that an extension of time was sought as provided by the rule.

The transcript of the evidence was filed, and the attorneys of record notified on March 10, 1958. Lane v. State, 38 Ala.App. 487, 87 So.2d 668, holds that the sixty day period allowed by Supreme Court Rule 37 for filing the transcript of the record begins to run from the date the transcript of the evidence is filed in the circuit court, there being no objections filed to the transcript of the evidence. Here no objections were filed and the time began to run from the date of the filing, March 10, 1958.

Supreme Court Rule 37, as amended, would require the filing of the transcript of the record in this court within sixty days from March 10, which would be May 9, 1958. Relf v. State, 267 Ala. 3, 99 So.2d 216. The filing occurred one day later, May 10, 1958.

Where no extensions of time are sought, it has been held that the appellate court is precluded from "going into the merits or demerits of the delay." West v. State, Ala. App., 101 So.2d 638, 639, certiorari denied 267 Ala. 700, 101 So.2d 640.

It follows that the motion to dismiss the appeal must be granted. This rule cannot be considered harsh when it is borne in mind that Supreme Court Rule 16 requires that the clerk of this court "shall notify the appellant and the appellee, or their attorneys, when the record is filed in this court." That gives the appellant the exact date of the filing of the transcript of the record. If it appears to have been late any number of days less than thirty, and appellant can show good cause for the delay, Rule 37, as amended, protects him in providing: "The trial judge may extend the time for filing the transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such

extension project the time for filing the transcript beyond ninety days."

We recognize that there is no rule authorizing or permitting the following statement, and the appellant is not entitled to it by right or by grace. Nevertheless, ninety-nine years is a long time, and we therefore add to this opinion a statement of pure surplusage. We have considered carefully the points argued in brief and have examined the record for additional errors, and our conclusion is that the judgment would have been affirmed had the appeal not been dismissed.

Appeal dismissed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.