108 So.2d 459

**Howard RIDGEWAY**

v.

**John A. LOVELADY.**

**7 Div. 379.**

Supreme Court of Alabama.

Oct. 16, 1958.

Rehearing Denied Feb. 12, 1959.

Scott, Dawson & Scott, Fort Payne, for appellant.

Marvin H. Galin, Cullman, and W. M. Beck, Fort Payne, for appellee.

LIVINGSTON, Chief Justice.

This cause was submitted here on motion of the appellee to strike the transcript, dismiss the appeal, or affirm the decree of the Circuit Court, in Equity, and on the merits.

The record in this case discloses the following: The decree from which the appeal is taken was entered on the 26th day of June, 1957. The appeal bond was taken and approved on the 12th day of August, 1957 by J. B. Green, Register. Notice of appeal was served on appellee's attorney of record on the 14th day of August, 1957. The transcript of the record in the case was filed in this Court on October 16, 1957. On November 27, 1957, appellee filed in this Court a motion to dismiss the appeal for noncompliance with amended Supreme Court Rule 37, 263 Ala. XXI, Code 1940, Tit. 7 Appendix.

**504**

The decisions of this Court are uniform to the effect that an appeal dates from the proper filing of security of costs or the approval of appeal bond. Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893; Danley v. Danley, 263 Ala. 390, 82 So.2d 534. See also Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363.

The date of the appeal was, therefore, August 12, 1957, and the transcript of the record was filed in this Court on October 16, 1957, more than 60 days after the taking of the appeal. The cause was submitted to this Court, on briefs, on January 16, 1958.

In the instant case, Supreme Court Rule 37, as amended, 263 Ala. XXI, required the filing of the transcript of the record in this Court within 60 days from August 12, 1957. It is obvious, therefore, that the transcript of the record was not filed on time. Relf v. State, 267 Ala. 3, 99 So.2d 216; Hornbuckle v. State, ante, p. 347, 105 So.2d 864.

No extension of time for a belated filing of the transcript of the record was sought in either the lower court or this Court, and we are precluded from "going into the merits or demerits of the delay." West v. State, 39 Ala.App. 358, 101 So.2d 638, 639, certiorari denied 267 Ala. 700, 101 So.2d 640.

It follows that the motion to dismiss the appeal must be granted. See Hornbuckle v. State, supra.

Appeal dismissed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.