107 So.2d 88

### R. C. SELF

v.

### Euel Lee BURNS.

### 6 Div. 612.

Court of Appeals of Alabama.

Nov. 25, 1958.

**650**

Locke & Locke, Birmingham, for appellant.

Johnson & Randall, Oneonta, for appellee.

HARWOOD, Presiding Judge.

In the proceedings below Self had sued Burns, and Burns had sued Self, each suit claiming damages resulting from the same automobile collision between the two parties.

The cases were tried jointly. In each case the jury found in favor of Burns, and in the case in which Burns was the plaintiff the jury assessed his damages at $400.

Motions for a new trial in each case being overruled, appeals were perfected to this court on a combined record.

The appellee Burns has filed a motion to strike this record, and dismiss the appeals on the ground that the full record was not filed in this court within sixty days of the establishment of the transcript of the evidence in the court below.

The appellant has filed a "Petition for an Extension of Time for Filing of Transcript or Petition for the Acceptance of Transcript."

In his petition appellant recites, among other things:

"Appellant further alleges that pursuant to the overruling of a motion for a new trial your appellant promptly executed an appeal bond on the 3rd day of May, 1957, and gave notice to the attorneys for Euel Lee Burns of a citation of appeal on the 10th day of June, 1957.

"Appellant gave instructions to the reporters at the time of giving notice of appeal, to prepare the transcript. For various reasons preparation of this transcript was delayed, one fact involved being that two reporters had prepared the transcript.

"The Lower Court granted an extension of time for the preparation and filing of this transcript. Appellant believed that said transcript had been filed with this Honorable Court by the Clerk of the Circuit Court on or about the 3rd day of July, 1957. On the 4th of November, 1957 counsel for appellant called the clerk to check on this matter and found that nothing had been filed.

"Appellant alleges that they went to Oneonta and assisted the Clerk and had the transcript filed on to-wit: November 5, 1957. This filing may be one or three days late and for this reason appellant files this petition for an extension of time by this Court for filing of the transcript or for an order of this court excepting the transcript filed on November 5, 1957."

The record shows that on 3 July 1957, the appellant was granted thirty additional days for filing the "transcript of record" with the Clerk, the appellant asserting in his petition for extension of time that the court reporters were unable to complete the transcript within the time allowed by law.

While the court's order granted the additional time for filing the "transcript of record" with the Clerk, this order must be interpreted as applying to the filing of the transcript of the evidence with the Clerk below, since it was granted because of the reporters' inability to complete this transcript in time, and of course the filing of the transcript of the evidence by the reporter has nothing to do with the filing of the entire record in this court by the Clerk below.

The record further shows that the transcript of the evidence was filed by the reporter with the Clerk below on 2 August 1957.

The entire record was filed in this court on 5 November 1957, some 95 days after the transcript of the evidence was filed with the Clerk below.

Under the provisions of Section 769, Title 7, Code of Alabama 1940, the full record must be filed with the Clerk of this court within sixty days after the establishment of the transcript in the court below.

Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, as to parts pertinent to this review reads:

"Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

No objections having been filed to the transcript of the evidence within ten days of its filing with the Clerk of the circuit court, its correctness is conclusively presumed and the date of its filing must be deemed to be 2 August 1957. Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Lane v. State, 38 Ala.App. 487, 87 So.2d 668; Relf v. State, 267 Ala. 3, 99 So.2d 216; Section 827(la), Title 7, Code of Alabama 1940. (Pocket part.)

No extension of time for filing the full record in this court was sought nor in the court below.

The last permissible day for filing the record in this court was therefore sixty days from 2 August 1957, or 1 October 1957. The full record was not filed in this court until 5 November 1957.

Nor are we authorized to grant appellant's petition to "grant petitioner an extension of time for the filing of the transcript—or—accept the transcript heretofore filed."

This for the reason that Supreme Court Rule 37, supra, specifically provides that an application to the trial judge for an ex-

tension of time and a ruling thereon is a prerequisite to making an application to this court, and further that a copy of any order of the trial court extending the time for filing the transcript shall be filed by the appellant in this court within five days from the date of such order. Neither of these requirements have been met.

In his petition for an extension of time for filing the full record in this court counsel asserts that it was first learned on 4 November 1957 that the record had not been filed in this court. This was beyond the ninety day period to which the lower court could have extended the time for filing the entire record in this court.

■ Under appellant's petition the cause of delay in filing the record in this court was the failure of the Clerk to timely forward the same. This is not "good cause" under the provisions of Supreme Court Rule 37. West v. State, Ala.App., 101 So.2d 638.

Because of the great differences between the facts considered, Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391, and the facts in the present case, we deem the pronouncements in Mitchell v. Austin inapplicable 'to the' present question.

Also, Supreme 'Court Rule 48, pertaining to the filing of the transcript of the evidence in the circuit court, has no bearing upon the point now under consideration.

■ It appears that appellee's motion to strike this record is, under the facts, well taken, and of necessity must be granted under the doctrine expressed in many former and recent cases of our Supreme Court, and of this court. See Lane v. State, 38 Ala.App. 487, 87 So.2d 668; Brown v. State, 38 Ala.App. 638, 91 So.2d 514; Lyons v. State, 38 Ala.App. 639, 91 So.2d 520; Clark v. State, 38 Ala.App. 305, 82 So.2d 805; Aaron v. State, Ala. App., 94 So.2d 415[1]; West v. State, Ala.

App., 101 So.2d 638; Relf v. State, 267 Ala. 3, 99 So.2d 216; Morris v. State, Ala., 104 So.2d 810.

Record stricken; appeals dismissed.