108 So.2d 331

Mary M. WANNINGER et al.

v.

William H. LANGE.

6 Div. 267.

Supreme Court of Alabama.

Jan. 8, 1959.

———◆———

Sam L. Reames, Birmingham, for appellants.

Mead & Norman, and Marshall H. Fitzpatrick, Birmingham, for appellee.

STAKELY, Justice.

This case was instituted by the filing of a petition in the Probate Court of Jefferson County to probate the last will and testament of Sara A. Lange, deceased, by William H. Lange, who purported to be the named executor of the will. The petition alleged in part that at the time of her death Sara A. Lange was an inhabitant of Jefferson County, Alabama, leaving assets in this state and leaving a last will and testament duly signed and attested.

Contest of the will was filed by William H. McFarland, Mary F. Wanninger and Frances Dorin. William H. Lange filed a petition for removal of the contest to the circuit court for the 10th Judicial Circuit of Alabama, which was granted.

After various procedural steps were taken, which need not be set out here, the contest of the will was submitted to a jury which found the issues in favor of the proponent of the will and against the contestants. This appeal followed.

The case is submitted here not only on the merits of the case but also on a motion to strike the transcript of the record and to dismiss the appeal. Upon a consideration of the matter, we think that the motion should be granted.

Before stating the grounds of the motion we think it well to show the facts in connection therewith. Appeal was taken on January 31, 1958. The transcript of the evidence was filed in the office of the circuit clerk by the court reporter on March 27, 1958, as shown by the stamp of the circuit clerk, "Filed in office March 27, 1958. Julian Swift, Clerk." The court reporter's certificate appears to show that the transcript of evidence was filed on March 28, 1958. It is immaterial whether the transcript of testimony was filed in the office of the circuit clerk on March 27, 1958, or March 28, 1958, for which ever date is correct, the ten day period allowed for filing of objections to the transcript of evidence expired April 7, 1958, since April 6, 1958, was a Sunday. Purported objections to the transcript of testimony were filed by the appellant on April 17, 1958. The record shows that the court purported to act on these objections on two or three different occasions, finally approving the transcript on June 6, 1958.

Thereafter, on August 2, 1958, appellant filed with the circuit clerk her "application for extension of time for filing record on appeal." Appellee filed objections to such application raising substantially the same points presented by his motion to strike the record and dismiss the appeal filed in this court. On the same date, August 2, 1958, the circuit court entered its order purporting to extend the time for filing the transcript of record in this court to August 18, 1958. It should be noted that in said order the circuit court stated that it was in doubt as to whether it had jurisdiction to make the order.

There are four grounds to the motion filed in this court. Ground One of the motion takes the point that the transcript of evidence became perfected under the provisions of Title 7, § 827(1a), 1955 Cumulative Pocket Part of Code of 1940,

on March 27, 1958, the date it was filed with the clerk of the circuit court by the court reporter, inasmuch as no objections were filed to said transcript within the ten day period allowed therefor by said statute, and that consequently the transcript of the record was due to be filed in this court on or before May 26, 1958, as prescribed by Rule 37 of this court, Code 1940, Tit. 7 Appendix. Said ground further takes the point that no extension for the filing of the transcript has been granted in the manner or within the time allowed by said Rule 37, and that consequently, the filing of the transcript of the record on August 16, 1958, was too late by nearly three months.

Ground Two of the motion is substantially the same, except that it also takes the point that even allowing the appellant the leeway of the ten days' time after the filing of the transcript of the evidence with the clerk of the circuit court during which objections could have been filed as a part of the period during which the transcript of the evidence was being formulated, nevertheless, the filing of the transcript of the record in this court came too late by a wide margin of time.

Ground Three of the motion merely states in general terms that the transcript was not filed in this court within the time allowed by law.

Ground Four of the motion makes the point that assuming, that the trial court could properly consider objections to the transcript of the testimony filed by the appellant subsequent to the time allowed her by the provisions of Title 7, § 827(1a), supra, still the transcript of the evidence was not perfected within the ninety day period from the date of appeal allowed by the statute, nor was there any order extending the time for settling the transcript for good cause entered by the trial court as permitted by statute. Consequently, applying the provisions of Rule 37 of this court, the filing of the transcript here still came too late.

I. We note that Title 7, § 827(1a), supra, provides that in the event no objections are filed to the transcript of evidence within ten days after its filing with the clerk of the court, "The transcript shall be conclusively presumed to be correct." Several decisions of the Court of Appeals and of this court have stated that this statute means exactly what it says. In Lane v. State, 38 Ala.App. 487, 87 So.2d 668, it is said:

"No objections were filed to the transcript of the evidence within ten days of its filing with the circuit court. Therefore, the correctness of the transcript of evidence must be conclusively presumed as of the date of its filing. Section 827(1a), supra."

In Clark v. State, 38 Ala.App. 480, 87 So.2d 669, 670, it is stated:

"No objections were filed to the transcript of the evidence within ten days of its filing. Its correctness is therefore conclusively presumed as of the date of its filing, i. e. 6 September 1955."

A like statement is found in Aaron v. State, 39 Ala.App. 84, 94 So.2d 415, 416:

"No objections being filed to the transcript, its correctness is conclusively presumed as of the date of its filing. Section 827(1a), Title 7, Code of Alabama 1940."

This court considered the effect of this statute in Relf v. State, 267 Ala. 3, 99 So.2d 216, 219, in which it is said:

"The procedure for establishing the bill of exceptions or the transcript of the evidence is set out in the 1940 Code, Pocket Part, listed as Tit. 7, § 827(1a). Usually no objections are made and in that event, the correctness of the transcript of the evidence is conclusively presumed as of the date of its filing. Section 827(1a), supra."

Incidentally in the Relf case this court specifically approved the holdings in the cases of Lane v. State, supra, and Clark v. State, supra.

■ So at the end of April 7, 1958, when there had not been filed with the Clerk of the Circuit Court of Jefferson County any objections to the transcript of the evidence filed with him by the court reporter, under the plain terms of this statute and the authorities hereinabove set forth, the transcript of evidence in this case became conclusively established as of the date when it was filed with the clerk. Thereupon there was set in motion the provisions provided by Title 7, § 769, Code of 1940, and Rule 37 of this Court, to measure the period during which the transcript must have been filed by the appellant in this court.

■ This statute and rule require that the transcript of the record be filed in this court within sixty days after the transcript of the evidence has been established in the court below. Where, as here, the transcript of the evidence was established as of March 27th or March 28th, 1958, the statute and rule, therefore, necessitate the filing of the record in this court on or before May 26th or May 27th, 1958. Even allowing appellant the additional period of ten days provided by Title 7, § 827(1a), supra, the filing should have been on or before June 6, 1958. However, the record was not filed in this court until August 16, 1958, more than two months too late.

■ The Alabama cases show that where no extension of time for filing the record in this court has been obtained in the manner or within the time prescribed by Rule 37, the record must be stricken and the appeal dismissed on appellee's motion praying for such result. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Relf v. State, supra; West v. State, Ala.App., 101 So.2d 638,[1] certiorari denied 267 Ala. 700, 101 So.2d 640; Lane v. State, supra; Clark

v. State, supra, and Aaron v. State, supra. We are aware of our decision in City of Athens v. Cook, Ala.Sup., —— So.2d ——. The facts in that case are obviously different from the facts of the instant case.

■ Rule 37 of this court permits an appellant to make application to the trial court for an extension of time in which the record may be filed in this court. However, this extension cannot be longer than an additional thirty days, making a total of no more than ninety days which may elapse from the establishment of the transcript of the evidence in the court below before the record must be filed in this Court. So, upon proper application the trial court could have extended the time for filing the record in this court to a day ninety days from either March 27, 1958, or March 28, 1958, or April 7, 1958, whichever day is taken as the proper one upon which the transcript of the evidence was established in the trial court. This court has held that such an application can be made in the trial court at any time before the lapse of the ninety days following establishment of the transcript of the evidence. Terry v. State ex rel. Pettus, 264 Ala. 133, 85 So.2d 449. However, no such application was made in this case within the time prescribed by law.

■ In Lewis v. Martin, 210 Ala. 401, 98 So. 635, 642, this court said:

"An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute, * * * and must be perfected and prosecuted pursuant to the time and manner prescribed."

Since the appellant is the actor—the one invoking the appellate court's jurisdiction and seeking its relief—it is only just that the burden of perfecting the appeal is upon her and that the penalty for failure to observe the procedural requirements of processing the appeal must be borne by her. Jefferson Iron & Metal Co. v. Bethune, 263

---

**I.** 39 Ala.App. 358.

Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854; Hayes v. State, Ala.App., 99 So.2d 703,[2] certiorari denied 267 Ala. 695, 99 So.2d 704; Clary v. Cassels, 258 Ala. 183, 61 So. 2d 692.

This appellant has in failing to file objections to the transcript of the evidence within the time allotted by law and in failing to make proper and timely request for extension of time for the filing of the record in this court, either from the lower court or from this court, clearly violated the requirements of the applicable statutes and rules governing the perfection of her appeal. Accordingly, we think it only right that this record be stricken and the appeal dismissed.

We note, however, that the appellant did file objections to the transcript of the evidence on April 17, 1958, ten days after the time allowed her by the statute for so doing, and the trial court did proceed to make rulings on said objections. Likewise, appellant did file with the lower court on August 2, 1958, application for extension of time to file the record in this court. This application should, however, have been filed with the trial court within ninety days of the establishment of the transcript of evidence or more than a month prior to the time when it was actually filed. In each of these instances of belated action by appellant, it is obvious that the proceedings in the trial court and the orders resulting therefrom, were without the pale of its authority as set forth in the applicable statutes and rules to which we have referred.

We have said, "Courts acting without authority can impart no validity to their proceedings and their judgments are assailable in any proceeding." Crump v. Knight, 256 Ala. 601, 56 So.2d 625, 627. We think this is especially true when the proceeding in question is in derogation of the common law, as in the case of appeals where courts must act, if at all, under special statutory authority. In these cases a compliance with the requisitions of the statute is necessary to the court's jurisdiction and must appear on the face of its proceedings. This court has often declared and held completely null and void the proceedings in lower courts and the orders or judgments resulting therefrom where it has appeared that the powers vested in courts by statutes have been exceeded. City of Birmingham v. Reed, 35 Ala.App. 31, 44 So.2d 607; Clary v. Cassels, supra; Avery Freight Lines v. Persons, 250 Ala. 40, 32 So.2d 886; Beatty v. McMillan, 226 Ala. 405, 147 So. 180. We may add that such a defect can be cured neither by laches, acquiescence or waiver. Beatty v. McMillan, supra; City of Birmingham v. Reed, supra.

We conclude that the entry of the lower court made on August 2, 1958, purportedly extending the time for filing the record in this court to August 18, 1958, was coram non judice, void and of no effect.

On the basis of the foregoing we think that the motion to strike the record and dismiss the appeal should be granted.

Motion to dismiss the appeal granted.

LAWSON, GOODWYN and MERRILL, JJ., concur.

2. 30 Ala.App. 202.