113 So.2d 694

Mary **HARRISON**

v.

**STATE.**

**8 Div. 433.**

Court of Appeals of Alabama.

June 30, 1959.

**378**

W. A. Barnett, Florence, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of the offense of removing or destroying boundary marks, etc., in violation of Section 53, Title 14, Code 1940. A fine of fifty dollars was assessed against her.

The state has filed a motion to strike the record and dismiss the appeal, because the record was not filed in this court within sixty days after the transcript of the evidence was established in the Circuit Court. Supreme Court Rule 37, as amended, Code 1940, Title 7 Appendix, 263 Ala. XXI.

■ The judgment of guilt was entered on May 20, 1958. The transcript of the evidence was filed with the circuit clerk on June 10, 1958, and no objections filed to the transcript. The record was not filed in this court until August 22, 1958. The record shows a motion for a new trial was filed on July 1, 1958, and was overruled by the court on August 12, 1958. It affirmatively appears that the motion was not filed within 30 days from the rendition of the judgment, therefore, the court's order overruling the motion was null and void and of no effect. Code 1940, Tit. 7, Sec. 276.

■ It thus appears the date from which to measure the time within which the appellant was to file the record here was June 10, 1958, the date of the establishment of the transcript of the evidence in the circuit court. Lane v. State, 38 Ala.App. 487, 87 So.2d 668. The record was not timely filed. The motion to dismiss the appeal must be granted.

The appellant has filed a petition asking leave to show good cause for the lateness of the filing of the record, and attaches to said petition her affidavit setting forth various conferences with her then attorney and the clerk of the court, to show that she was diligent in her efforts to perfect the transcript.

Supreme Court Rule 37, supra, provides that the trial court and this court may extend the time for filing the transcript of the record.

"Where no extensions of time are sought, it has been held that the appellate court is precluded from 'going into the merits or demerits of the delay.' West v. State, 39 Ala. App. 358, 101 So.2d 638, 639, certiorari denied 267 Ala. 700, 101 So.2d 640." Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864, 865.

Motion granted, record stricken, appeal dismissed.