172 So.2d 809

**Charles Garvis SMITH**

v.

**STATE.**

**6 Div. 69.**

Court of Appeals of Alabama.

March 9, 1965.

Tom Drake, Cullman, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Attorney General has filed a motion to strike the record and dismiss this appeal on the ground that the record was not timely filed in this court.

Appellant was formally adjudged guilty by the trial judge on January 31, 1964, and the court on that day deferred sentencing until a subsequent probation hearing.

Appellant's application for probation was heard and denied on April 13, 1964, on which date the court formally imposed a sentence.

On April 13, 1964, he gave notice of appeal.

On May 12, 1964, he filed a motion for a new trial, which was overruled on May 29, 1964.

The transcript of the evidence was filed with the clerk below on May 27, 1964. On July 23, 1964, the trial court granted a thirty day extension of time for filing the transcript of the record in this court. The trial court thereafter granted two further extensions of time for filing the transcript of the record in this court—a thirty day extension on August 29, 1964, and a fifteen day extension on September 29, 1964.

The entire record was filed in this court on October 13, 1964.

■ The motion for a new trial was not filed until May 12, 1964, some 102 days after judgment of conviction. The motion not having been filed within thirty days after judgment of conviction, the motion and orders pursuant thereto were functus officio, and cannot be considered by this court in determining the date on which the transcript should have been filed. See Rogers v. State, 39 Ala.App. 441, 104 So.2d 481, 482.

The transcript of the evidence was timely filed with the clerk below, that is, within sixty days after notice of appeal. See Relf v. State, 267 Ala. 3, 99 So.2d 216.

Supreme Court Rule 37, Code of Alabama, 1940, Tit. 7, Appendix, as amended February 17, 1956, provides that the transcript of the record shall be filed with the clerk of this court within sixty days after the transcript of the evidence has been established in the court below. It also provides that the trial court and appellate courts may extend the time for filing the transcript with this court.

■ Lane v. State, 38 Ala.App. 487, 87 So.2d 668, holds that the sixty day period allowed by Rule 37 for filing the transcript of the record begins to run from the date the transcript of the evidence is filed in the circuit court, there being no objections to the transcript of the evidence. Here no objections were filed and the time began to run from the date of filing, May 27, 1964.

In the absence of a proper extension of time, Rule 37 would require the transcript of the record to be filed in this court within sixty days after May 27, or on or before July 27, 1964. Relf v. State, supra.

Concerning extensions of time for filing the transcript of the record, Rule 37 reads:

"* * * The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

On July 23, 1964, the trial judge granted a thirty day extension of time for filing the transcript of the record. With this extension of time the appellant was required to file the transcript of the record in this court

within ninety days from the date of the filing of the transcript of the evidence, or on or before August 25, 1964. See Mobile v. Lee, 274 Ala. 344, 148 So.2d 642.

■ The trial judge attempted to grant further extensions of time. However, Rule 37 requires, in effect, that extensions of time beyond ninety days from the date on which the transcript of the evidence is established in the trial court can be granted only by the appellate courts. No application for an extension of time was filed in this court and no extension was granted. Therefore, the transcript of the record should have been filed in this court on or before August 25, 1964. It was not filed until October 13, 1964.

The motion to strike the record and dismiss the appeal must be granted.

Record stricken: appeal dismissed.