231 So.2d 151

**D. F. BURGESS, Trading as
Daulphin's Foodland**

v.

**EXCHANGE LEASING CORPORATION,
a Corporation.**

**3 Div. 2.**

Court of Civil Appeals of Alabama.

Jan. 28, 1970.

Wm. Roy Stokes, Brewton, for appellant.

Brooks, Garrett & Thompson, Brewton, for appellee.

BRADLEY, Judge.

Appellee, plaintiff below, filed suit against appellant for the balance due on a lease entered into by appellant and appellee for an ice machine. From a judgment for the plaintiff-appellee in the amount of $4,188.55, the defendant appealed.

The verdict in this case was returned on March 13, 1968, and defendant made a motion for a new trial on April 11, 1968, which was continued until May 1, 1968; on May 15, 1968 said motion was overruled. Notice of appeal was given on July 1, 1968 and the record was established in the trial court on the same day. The record was filed in the Supreme Court on September 19, 1968, and the case was transferred to this court on October 1, 1969.

The appellee filed a motion in the Supreme Court to strike the transcript of record and dismiss the appeal on the grounds that the record was filed therein more than sixty days after being established in the trial court, in violation of Supreme Court Rule No. 37, as amended.

At the outset we note that no extension for time was filed with the trial court or the Supreme Court. The pertinent provisions of Supreme Court Rule 37, as amended, provide:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; * * *. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below * * *."

The record in the instant case was not filed until eighty days after it was established in the trial court.

The Supreme Court of Alabama in Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331, wherein it granted a motion to strike the transcript of the record and dismiss the appeal, had this to say:

"The Alabama cases show that where no extension of time for filing the record in this court has been obtained in the manner or within the time prescribed by

Rule 37, the record must be stricken and the appeal dismissed on appellee's motion praying for such result. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Relf v. State, [267 Ala. 3, 99 So.2d 216] supra; West v. State, 39 Ala.App. 358, 101 So.2d 638, certiorari denied 267 Ala. 700, 101 So.2d 640; Lane v. State, [38 Ala.App. 487, 87 So.2d 668] supra; Clark v. State, [38 Ala.App. 480, 87 So. 2d 669] supra, and Aaron v. State, [39 Ala.App. 84, 94 So.2d 415] supra. * * *

"In Lewis v. Martin, 210 Ala. 401, 98 So. 635, 642, this court said:

"'An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute, * * * and must be perfected and prosecuted pursuant to the time and manner prescribed.'

"Since the appellant is the actor—the one invoking the appellate court's jurisdiction and seeking its relief—it is only just that the burden of perfecting the appeal is upon her and that the penalty for failure to observe the procedural requirements of processing the appeal must be borne by her. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854; Hayes v. State, 39 Ala.App. 202, 99 So.2d 703, certiorari denied 267 Ala. 695, 99 So.2d 704; Clary v. Cassels, 258 Ala. 183, 61 So.2d 692.

"This appellant has * * * in failing to make proper and timely request for extension of time for the filing of the record in this court, either from the lower court or from this court, clearly violated the requirements of the applicable statutes and rules governing the perfection of her appeal. Accordingly, we think it only right that this record be stricken and the appeal dismissed."

We think the facts in the case at bar relating to the motion to strike the record and dismiss the appeal, fall squarely within the proscription of Wanninger v. Lange, supra; consequently, we think that appellee's motion is due to be granted.

This court, from its beginning, has, wherever possible, decided appeals on the merits rather than on procedural questions, but where, as here, no effort was made to obtain an extension of time so that the appeal might be perfected, we are left with no alternative but to enforce Rule 37 of the Supreme Court.

Motion granted; record stricken and appeal dismissed.