87 So.2d 433

Lankford **LAWLEY**

v.

**STATE** of Alabama.

7 Div. 266.

Supreme Court of Alabama.

May 10, 1956.

**284**

Wilton W. Rabren, Columbiana, for appellant.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

Lankford Lawley was tried in the Circuit Court of Shelby County, Alabama, on an indictment containing two counts; one count charging rape, and the other charging carnal knowledge of, or abuse in the attempt to carnally know, Linda Sue Bass, a girl under the age of twelve years. He was found guilty and his punishment fixed at life imprisonment in the state penitentiary. The court entered a judgment accordingly, and it is from this judgment that the appeal is taken.

The appellant's principal contention is that reversible error was committed by the trial judge in instructing the jury as to the possibility of parole in case the defendant were convicted and sentenced to serve time in the penitentiary. The state admits error, but argues that the error was cured by subsequent remarks by the trial judge.

The transcript reveals that after the case had been submitted to the jury, and the jury had retired to the jury room, the jury returned into open court and the following proceedings were had:

"By the Court: Gentlemen, is there some question of law you want to ask me; I can't help you as to a question of fact.

"By Juror: We would like to ask the number of years that he would be eligible for parole.

"By the Court: Well, I don't think they have any number. They have certain rules down there, depending on a good record; a man can qualify for probation after a certain length of time. In other words one with a life sentence gets paroled lots of times but he is supposed to serve a third of his sentence. Different ones have different times.

"By Juror: Will he always be eligible for parole?

"By the Court: It is possible with a life sentence if he makes a good record he might qualify for parole in 15 years, maybe, that is altogether up to the Board of Pardons. Gentlemen, if that information is helpful, that is as near as I can tell you about it.

"By Mr. Rabren: We object to the instructions of the Court given to them regarding this.

"By the Court: I haven't given them any instructions. That has got nothing to do with this case, gentlemen. The fact is that is information I was trying to give you in answer to your question. That isn't a question before you gentlemen and shouldn't enter into it; it has got nothing to do with the facts in this case and not really a part of it. Anything the Court may have said is not giving you instructions and should not have any effect on your verdict in this case, whether you find this defendant guilty or not guilty and it is not proper for you to consider it,

and I withdraw anything I have said about it.

"By Mr. Rabren: We except to the Court's remarks."

As a result of these remarks by the trial judge, the case must of necessity be reversed. In the recent case of McCray v. State, 261 Ala. 275, 74 So.2d 491, this court held that in arriving at a proper sentence to be imposed on a defendant, the proportionate part thereof which probably or possibly might be deducted therefrom by the Parole Board was not a proper factor to be considered by the jury, and it is error for the court to instruct the jury as to the laws or customs governing the granting of paroles. In the light of that decision, the trial court in the case now before us unquestionably was in error in his remarks made in response to the juror's inquiry.

The withdrawal of the remarks by the court did not cure the error which had been committed. Where the withdrawal of a prejudicial remark by a judge is not sufficient to remove the impression which that remark has made upon the minds of the jurors, the defendant is entitled to have a new trial free from the influence of such prejudicial remarks. Mosley v. State, 241 Ala. 132, 1 So.2d 593. As was said in Oliver v. State, 232 Ala. 5, 166 So. 615, 617:

"The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned, as to its nature, character, or degree, or the amount and extent of the punishment fixed by the jury within the statute. The authorities on this subject are collected in Roan v. State, 225 Ala. 428, 435, 143 So. 454; Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687; Lakey v. State, 206 Ala. 180, 182, 89 So. 605."

In the present case, it is reasonable to assume that the jury wished to punish the defendant by having him serve a certain number of years in the penitentiary, and in order to insure that he serve that length of time, the jury was planning to add to the length of the sentence in order to compensate for a parole before the entire sentence was served. In Coward v. Commonwealth, 164 Va. 639, 178 S.E. 797, which is quoted in McCray v. State, supra, the court said that when confronted with an inquiry such as the one in this case, the trial judge should instruct the jury to impose such sentence as seemed to be just, with no regard to what might happen to the sentence in the future. The trial court in the instant case gave the damaging information to the jury. It is true that when objection was made to his remarks, he told the jury not to consider what he had said, and stated that he withdrew the remarks. We are of the opinion that the attempted remedial action was not sufficient. The information could not be eradicated from the minds of the jury. We cannot say that they considered it in arriving at their verdict, but they might have done so.

This situation is analogous to that discussed in Booth v. State, 22 Ala.App. 508, 117 So. 492, and Maryland Casualty Co. v. McCallum, 200 Ala. 154, 75 So. 902. In each of those cases, the court admitted illegal testimony and then later in the trial directed in an unemphatic manner that the testimony be excluded. The court held that where the effort to correct the error appears to be a mere formality and has no practical effect to correct the impression that has been created on the mind of the jury, the error cannot be said to be cured.

Having determined that a reversal must result from the above-stated error, we will not treat the other matters urged as error, for they are not likely to reoccur in another trial.

Reversed and remanded.

SIMPSON, GOODWYN and SPANN, JJ., concur.