103 So.2d 835

John F. GRANGER

v.

STATE.

4 Div. 356.

Court of Appeals of Alabama.

June 10, 1958.

Lee & McInish, Dothan, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appeal is from a conviction on an indictment for forgery.

The Attorney General has filed a motion to strike the transcript of evidence because not timely filed with the circuit clerk below, and also to strike the entire record because not timely filed in this court.

The judgment of guilt was entered on 15 November 1956, and appellant gave notice of appeal on that date.

However, on 11 December 1956 the appellant filed a motion for a new trial, which motion was heard and overruled on 5 January 1957.

In determining the time limits for filing the transcript with the circuit clerk below, we must therefore reckon from 5 January 1957, this date being later than the date of notice of appeal. Sections 827(1)–827(6), Title 7, Code of Alabama 1940 (Pocket Part). Further, under the provisions of said sections the court reporter's transcript must be filed with the clerk of the circuit court within sixty days of the date on which the appeal is taken, or within sixty days of the date of the ruling on a motion for a new trial, whichever is later, unless this time be extended by the trial court for cause shown.

The court reporter's transcript was filed with the circuit court on 27 March 1957, some eighty days after the overruling of the motion for a new trial on 5 January 1957.

Counsel for appellant in answering the Attorney General's motion to strike has submitted an affidavit from the Court Reporter assuming blame for the late filing of the transcript. Such information should have been imparted to the trial court in support of an application for an extension of time for filing the transcript with the circuit clerk and under the doctrine of Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247, cannot be considered by us.

It being apparent that the transcript of the evidence was not filed with the clerk below within the time required by law, and it further appearing that no order extending the time for such filing was secured from the judge below, the motion of the Attorney General to strike the transcript of the evidence must be granted. King v. State, ante, p. 167, 98 So.2d 443; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Relf v. State, 267 Ala. 3, 99 So.2d 216.

As to the motion to strike the entire record, it appears that the same was filed in this court on 3 May 1957, a date within sixty days of the date when the transcript could, or should have been filed in the office of the circuit clerk, i. e. 6 March 1957. The entire record was therefore timely filed in this court. Relf v. State, supra. The motion to strike the entire record is denied.

The motion to strike the transcript of the evidence being granted, we have examined the record proper. It is in all things regular.

This judgment is therefore due to be affirmed, and it is so ordered.

Transcript of evidence stricken; judgment affirmed.

Affirmed.