105 So.2d 134

James MAHONE, alias,

v.

STATE.

5 Div. 518.

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

Glen T. Bashore and Walter C. Hayden, Jr., Clanton, for appellant.

John Patterson, Atty. Gen., for the State.

1. Ante, p. 157.

Harry D. Raymon, Tuskegee, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The Attorney General has filed a motion to strike this record on the grounds that it was not timely filed in this court.

The minute entry shows that this appellant was found guilty of assault with intent to murder on 23 October 1956, and was so adjudged on that day.

On 25 October he was sentenced, and on that day the record recites:

> "Questions of law having arisen on the trial of this case, for determination by the Court of Appeals of Alabama, it is ordered by the court that execution of judgment and sentence in this case is suspended pending an appeal taken by defendant to the Court of Appeals of Alabama, and the bail of the defendant is fixed at $2000.00."

The next day, 26 October, 1956, the appellant filed an appeal bond in the sum of $2000, the bond reciting that the appellant "has duly applied for an obtained an appeal" etc.

It further appears that on 12 November 1956, the appellant filed his motion for a new trial which was called to the court's attention on 14 November 1956. The record shows that this motion for a new trial was set for hearing on 10 December 1956. On 14 January 1957, the motion was overruled.

As originally filed the record contained no further orders pertaining to the motion for a new trial.

However, on 24 April 1957, the clerk of the court below forwarded to this court on a sheet of transcript paper a copy of an order showing that the motion for a new trial was on 10 December 1956 continued to 10 January 1957.

The clerk by a covering letter requested that this sheet be inserted in the record as page 85½.

The instrument is not certified by the clerk as true and correct, and bears no seal.

No request for a writ of certiorari was made.

Actually, the efforts of the clerk under such circumstances was a nullity.

■ Regardless, such order had it been properly presented and incorporated in this record could not have saved it, since it purports to continue the motion only until 10 January 1957. On the expiration of that day the lower court lost jurisdiction of the motion for a new trial.

It was not overruled until 14 January 1957, and there is no showing that the motion was submitted to the court on 10 January 1957, the date to which it had been continued under the abortive order forwarded by the clerk.

The motion therefore became discontinued under any circumstance after 10 January 1957, and the order of 14 January 1957 overruling it was of no legal effect. Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Relf v. State, 267 Ala. 3, 99 So.2d 216.

■ The motion for a new trial having been discontinued, we must look to the date on which the appeal was taken in determining the time in which the record would have to have been filed in this court.

■ The record shows that on 12 February 1957 the appellant filed a written notice of appeal. Having taken his appeal on 25 October 1956, as recited in the minute entry, and in the appeal bond filed by him, this later notice of appeal was ineffectual. Relf v. State, supra.

■ This appellant therefore had sixty days from the date that the transcript of evidence should have been filed in the circuit court in which to file the record in this court. Relf v. State, supra. This would be one hundred and twenty days from 25 October 1956, or until 22 February 1957. The record was not filed in this court until 29 March 1957.

No request for extension of time for filing the record was made either to the court below or to this court.

The motion of the Attorney General to strike the entire record is therefore well taken and must be granted.

In his brief in opposition of the State's motion to strike this record counsel for appellant argues that Supreme Court Rule 25, Code 1940, Tit. 7 Appendix, provides that unless some particular question is raised in respect thereto a record shall not contain orders of continuance.

■ Rule 25 does so provide. We think however, this rule must be deemed to apply to those continuances which are not essential to maintenance of jurisdiction in the court granting them. Motions for new trials must be kept alive by proper and timely continuances or they become discontinued.

■ To adhere to the contention of counsel would abrogate the principle of law long established that facts necessary to give jurisdiction to an inferior court must affirmatively appear. See 2 Ala.Dig., Appeal and Error, ⊷ 493 for numerous authorities.

Record stricken; appeal dismissed.