177 So.2d 110

**B. B. McKENZIE**

v.

**STATE.**

8 Div. 995.

Court of Appeals of Alabama.

June 29, 1965.

Loma B. Beaty, Fort Payne, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant was convicted of the offense of embezzlement.

This appeal is here on the record proper. Appellant has filed a motion praying that this court enter an order requiring the circuit clerk to file a full and complete transcript of the record, which appellant avers would consist of the testimony taken on the trial of the case, the motion for a new trial and all exhibits presented thereon.

The Attorney General has filed a motion to strike appellant's "Motion on the Record," assigning as grounds therefor the following:

"1. Appellant does not allege that he requested that the evidence be transcribed in accordance with the provisions of Act No. 97, Acts of Alabama 1956, page 143.

"2. Appellant does not allege that he gave written notice to the Court Reporter within the time allowed by law of his desire that the evidence be transcribed.

"3. The appeal in this case should be decided on the transcript of the record, filed in this Honorable Court on March 29, 1965."

The appellant's counsel has filed "Answer to Motion to Strike" in which he alleges:

"1. That the record in this cause was not transmitted to this Honorable Court as a result of an appeal taken by your movant, in that he has given no notice of appeal, since the ruling on his motion for a new trial on, to-wit: the 4th day of January, 1965.

"2. That your movant has not entered into an appeal bond subsequent to the ruling on his motion for a new trial in this cause on, to-wit: the 4th day of January, 1965.

"3. That it is apparent from the record, that the appeal was initiated by an official, or officials, through the Circuit Court of Jackson County, Alabama, and not by your movant.

"4. That a portion of the record was transmitted to this Honorable Court without your movant perfecting an appeal, and that the provisions of Act No. 97, Acts of Alabama 1956, page 143, have not been brought into effect in this matter; therefore, the responsibility lies with the agency attempting to perfect this appeal to furnish a complete record."

The record discloses that appellant gave notice of appeal and that an appeal bond was executed, filed and approved on December 16, 1964.

■ It is not required that appellant give a second notice of appeal or file a new appeal bond after the ruling on the motion for a new trial.

■ The court reporter's transcript must be filed with the circuit clerk within sixty days of the date on which the appeal is taken, or within sixty days of the date of the ruling on a motion for a new trial, whichever is later, unless the time is extended by the trial court for cause shown. Granger v. State, 39 Ala.App. 461, 103 So.2d 835.

It is nowhere alleged that the appellant gave notice to the court reporter of his desire to appeal and requested that the evidence be transcribed as required by Sections 827(1)–827(6). Title 7, Code of Alabama 1940 (Pocket Part).

■ There is no merit in the appellant's ground of motion to require the circuit clerk to file a copy of the motion for a new trial. The motion with the court's ruling thereon appears in the record before us.

■ The motion of the Attorney General to strike the document entitled "Motion on the Record" is hereby granted.

■ The transcript of the record is regular in every respect. The judgment is affirmed.

Affirmed.

CATES, J., not sitting.