Petitioner avers that on April 20, 1967, he was convicted in the Circuit Court of Mobile County of the offense of second degree burglary and was sentenced to the penitentiary for a term of six years; that at the time of judgment and sentence he gave notice of appeal.

He now petitions this court for suspension of sentence and allowance of bail pending appeal.

The State moves to dismiss the petition on the ground that petitioner gave notice of appeal without electing to have the sentence suspended, as reflected by a sworn statement of the Deputy Administrator of the Circuit Court of Mobile County, which is attached to the motion as Exhibit "A."

Subhead (a) of Section 368, Title 15, Code of Alabama 1940, provides for suspension of judgment at the election of appellant if the appeal is taken at the time of judgment.

In ex parte State ex rel. Coburn, 20 Ala.App. 595, 104 So. 346, the court said: "The time for the election by the defendant to have the execution of sentence suspended is at the time of sentence and not afterward * * *." See also Patterson v. State, 43 Ala.App. 190, 185 So.2d 527.

There is no averment that petitioner, when he gave notice of appeal, elected to have the execution of sentence suspended. In the absence of a showing that he did so elect and that the trial judge failed or refused to enter an order suspending sentence and fixing bail we cannot assume that he asked for suspension of sentence and fixing of bail.

Motion granted. Petition dismissed.

203 So.2d 133

George BRUMMITT

v.

STATE.

8 Div. 99.

Court of Appeals of Alabama.

Oct. 10, 1967.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

**CATES, Judge.**

This appeal was submitted March 9, 1967. The Attorney General has moved that we strike the record for tardy filing.

### I.

■ There was in the instant record no formal adjudication of Brummitt's indigency *after* conviction. However, the first minute entry, January 18, 1966, the day after the sheriff arrested Brummitt on the indictment shows that the court found him to be financially unable to employ counsel. We find nothing to show a change of status.

The motion is denied. Leonard v. State, 43 Ala.App. 454, 192 So.2d 461.

### II.

The appellant was convicted of rape; his jury set the punishment at ten years imprisonment. After judgment and allo-

David U. Patton and Byrd R. Latham, Athens, for appellant.

cution, the trial judge pronounced the sentence of the law agreeably with the verdict.

Before a jury was selected, appellant's counsel presented the following:

### "MOTION TO QUASH VENIRE

"Comes the defendant in the above styled cause and moves the court to quash the venire summoned to serve as petite jurors in this cause, and for grounds of said motion this defendant assigns, separately and severally, the following:

"That on, to-wit, May 11th, 1966, after the convening of the said term of the Limestone County Circuit Court and during the trial of that certain cause No. 10,026 entitled State of Alabama vs. John Edward Adams the jury deliberating the said case, inquired of the court before continuing their deliberations as to what part of the sentence which it should impose upon the defendant might be deducted by parole; that the court attempted to answer the said question put to it by the said deliberating jury and indicated to the jury that it was generally customary for the parole board to allow a man to be considered for parole after serving one-third of his sentence; that such questions and such information were not proper factors for the jury's consideration and that the court was in error in its remarks made in response to the jury's inquiry.

"That the said question was asked in open court with all members of the venire summoned to serve at the said term of the Limestone County Circuit Court present in the courtroom; that each member of the said venire heard the question and the remarks of the court; that each of them listened intently to the question and the court's said remarks and that the court, in effect, instructed all members of the venire present that its sentence imposed and confirmed in any case may be set aside and cut down by some other arm of the State; that the state-

ments made by the court cannot be erased from the minds of the venire and have so prejudiced the minds of the said venire that they could not possibly return a fair and just verdict in this cause; that any remedial action taken by the court would have no practical effect to correct or eradicate the impression that has been created in the minds of the venire who are to serve in this case, and that a fair and just verdict cannot be rendered by the said venire in this case.

"For the reasons set out above, defendant moves the court to discharge the venire summoned for this term. of the said Limestone County Circuit Court to try this case and that a new venire be summoned, from which a jury can be chosen free from the influence of the court's said prejudicial remarks, so as not to impair the right of the defendant in this case."

The court reporter shows the following statement accompanying the overruling of the foregoing motion:

"THE COURT: Mr. Hancock, this is for the record.

"The facts as stated in the motion are substantially correct as to what the Court told the jury in another case last week before the entire jury panel with the other jury in the audience, but the Court is of the opinion that the case as cited by the Defendant relative to instructing a specific jury on matters relative to parole are not applicable to this situation and the motion to quash the venire is overruled, and the Defendant excepts.

"MR. PATTON: Thank you."

Further, the overruling of the motion to quash was one of the grounds assigned in appellant's motion for new trial.

The jury by statute in conviction of rape has the duty of fixing the punishment. The judge, unless the verdict is improper, must sentence accordingly.

It is improper to interject the possibility that the jury's responsibility for fixing punishment may be shunted to or shared by another person or group. Thus, In Lawley v. State, 264 Ala. 283, 87 So.2d 433, another rape case, it was reversible error for the trial judge to refer to the mitigation *possible* via the Pardon and Parole Board. We think that principle requires reversal here.

The Attorney General cites Stover v. State, 204 Ala. 311, 85 So. 393. We think that its reasoning—relating to evidence in a particular case—is readily distinguishable. The statement here admits of allowing the jury to escape from the rigor of their legal duty by "passing the buck" to the Pardon and Parole Board.

In Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420, we find:

"We believe that the statements of the bailiff to the jurors are controlled by the command of the Sixth Amendment, made applicable to the States through the Due Process Clause of the Fourteenth Amendment. It guarantees that 'the accused shall enjoy the right to a * * * trial, by an impartial jury * * * [and] be confronted with the witnesses against him * * *.' As we said in Turner v. State of Louisiana, 379 U.S. 466, 472–473, 85 S.Ct. 546, 550, 3 L.Ed. 2d 424 (1965), 'the "evidence developed" against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination and of counsel.' Here there is neither dispute as to what the bailiff, an officer of the State, said nor that when he said it he was not subjected to confrontation, cross-examination or other safeguards guaranteed to the petitioner. * * *"

The judgment below is due to be reversed and the cause remanded to the court below for new trial.

Reversed and remanded.

JOHNSON, Judge (concurring specially):

It is obvious from reading the record that here the trial judge, after reading the appellant's motion to quash, in his long prevailing and admirable policy of properly keeping the record, stated as follows:

"THE COURT: Mr. Hancock, this is for the record.

"The facts as stated in the motion are substantially correct as to what the Court told the jury in another case last week before the entire jury panel with the other jury in the audience, but the Court is of the opinion that the case as cited by the Defendant relative to instructing a specific jury on matters relative to parole are not applicable to this situation and the motion to quash the venire is overruled, and the Defendant excepts.

"MR. PATTON: Thank you."

In the case of Lawley v. State, 264 Ala. 283, 87 So.2d 433, citing Oliver v. State, 232 Ala. 5, 166 So. 615; the following is stated:

" 'The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned, as to its nature, character, or degree, or the amount and extent of the punishment fixed by the jury within the statute. The authorities on this subject are collected in Roan v. State, 225 Ala. 428, 435, 143 So. 454; Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687; Lakey v. State, 206 Ala. 180, 182, 89 So. 605.' "

I am, therefore, of the opinion that here the remarks of the trial judge in overruling the motion of appellant to quash the venire, which was doubtlessly made by the court in a commendable attempt to establish and preserve a true and correct record of

preceding events, were contrary to the principles of law laid down in Lawley, supra, and I agree must work a reversal of this case.

I quote in part from the majority opinion in which reference is made to the statement made by the trial court as follows:

> "The statement here admits of allowing the jury to escape from the rigor of their legal duty by 'passing the buck' to the Pardon and Parole Board."

Although I do not contend that either the distinguished writer or his learned colleague in this majority opinion was motivated by any intentional impropriety of purpose in making the foregoing statement, after considering the full context thereof, I feel that it is very possible that it could be construed by some readers to infer that some of the jurors of Limestone County might violate the solemn oath to which they subscribed governing their duties as jurors—a part of which is in substance, * * * to well and truly try all issues or cases submitted to them for decision and a true verdict render according to the *law and evidence* —by departing therefrom and " * * * 'passing the buck' to the Pardon and Parole Board". I strongly dissent from this portion of the majority opinion.

It is serious indeed to reflect by any language that a sworn juror would violate this oath, which within itself is a creed of integrity and a charge, by intimation or illusion to the probability that they would forsake their sworn duty. A suggestion of "passing the buck" is tantamount to saying that these jurors are morally irresponsible and would violate their solemn sworn duty by refusing to adhere to the requisites of their oath.

This statement was totally and wholly unnecessary by the writer of the majority opinion of this court. The *Lawley*, supra, opinion written by Livingston, C. J. of the Supreme Court of Alabama is sound and here needs no comment or reasoning in the majority opinion to establish its validity or propriety.

As one who worked with the jurymen of Limestone County, as District Attorney, for nigh onto three decades, I was in a position to regularly observe the caliber of the men constituting the jury venire of this great County. I found them to be men of unimpeachable courage, integrity and intelligence and observed their decisions as jurymen.

I would now be untrue to the impulse that dwells within me were I, with such knowledge of the jurors in mind, permit this portion of the majority opinion to be perpetuated in the archives of this court without dissenting to this portion thereof.

The late Josiah Gilbert Holland, in emphasizing his deep yearning for integrity in government, penned the following, which is a part of his semi-sacred and immortal petition:

> "God give us men! A time like this demands
> Strong minds, great hearts, true faith
> and ready hands;
> Men whom the lust of office does not kill;
> Men whom the spoils of office cannot buy;
> Men who possess opinions and a will;
> Men who have honor; men who will not lie."

———◆———

It is my opinion that the sterling and courageous qualities found in and manifested by the veniremen from Limestone County in the performance of their duties was a living answer to this prayer.