259 So.2d 853

In re George **HADLEY**

v.

**STATE of Alabama.**

**Ex parte George Hadley.**

**I Div. 710.**

Supreme Court of Alabama.

March 9, 1972.

Rehearing Denied April 6, 1972.

Thomas M. Haas, Mobile, for petitioner.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

PER CURIAM.

We granted the petition for writ of certiorari filed by George Hadley to review the judgment of the Court of Criminal Appeals striking the transcript of the

record and dismissing the appeal in the case of Hadley v. State of Alabama, Ala. Cr.App., 259 So.2d 853.

The writ was duly issued and the cause was submitted here on February 8, 1972, upon the transcript, briefs, and oral argument. Supreme Court Rule 39, as amended.

After further consideration we entertain the view that the action taken by the Court of Criminal Appeals is correct. It follows that the judgment of that court is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, MERRILL, HARWOOD, BLOODWORTH, and MADDOX, JJ., concur.

HEFLIN, C. J., and COLEMAN and McCALL, JJ., dissent.

HEFLIN, Chief Justice (dissenting):

I agree with the portion of Justice Coleman's dissenting opinion which states that Mr. Hadley is being deprived of the equal protection of law under the preferred treatment status given to indigent appellants in the Court of Criminal Appeals. While a consideration of the merits of such preferred treatment is not properly before this Court, I wish to make the observation that one of the purposes of the constitutional requirements pertaining to providing indigent appellants with counsel, transcript, and other benefits was for the purpose of putting such indigent appellants on an equal footing with non-indigent appellants in criminal cases. Where preferred treatment is given, naturally a discrimination occurs.

COLEMAN, Justice (dissenting):

·The defendant in a criminal case has applied to this court for certiorari to review a judgment of the Court of Criminal Appeals granting a motion filed by the state to strike the record filed in support of defendant's appeal to that court and to dismiss his appeal.

Defendant avers in his application that the action of the Court of Criminal Appeals has denied him equal protection of the laws guaranteed to him by Sections 6 ·and 13 of the Constitution of Alabama and the 14th Amendment of the Constitution of the United States. Defendant further avers that the issue raised by his petition is one of first impression in Alabama and requires a decision on a material point. This court granted the writ.

The circumstances are as follows. Defendant was convicted of murder in the second degree. On February 8, 1971, judgment was entered and defendant gave notice of appeal. Appeal bond or appearance bond was set at $5000.00. Defendant filed such bond and it was approved February 11, 1971.

There was no motion for new trial and no order extending the time for filing the reporter's transcript of the evidence.

On April 12, 1971, the reporter filed the transcript of the evidence with the circuit clerk. As defendant concedes in his brief, the transcript of evidence was filed sixty-three days after notice of appeal was given, which is three days later than is provided or required by §§ 827(1)–827(4), Title 7, Code Recompiled 1958.

On May 10, 1971, the complete record was filed in the Court of Criminal Appeals; all within ninety-one days after final judgment was rendered by the trial court, and within the time for taking an appeal.

On July 29, 1971, the state filed in the Court of Criminal Appeals a motion to strike the transcript of evidence from the record and dismiss the appeal on the ground that the reporter's transcript of evidence had not been filed with the cir-

cuit clerk within sixty days from the day upon which appeal was taken. There is no affidavit pointing out material omissions or defects in the transcript. See Supreme Court Rule 48 which is set out in quotation from Leonard v. State, infra.

The Court of Criminal Appeals granted the state's motion, struck the record, and dismissed the appeal.

The record does not indicate that defendant was adjudged to be indigent. He says in brief: "No motion for appointment of counsel on appeal or free transcript was filed in the Trial Court."

Defendant argues that the Court of Criminal Appeals has declared a policy that the appeals of indigents will not be dismissed for tardy filing, and it appears that the defendant is correct. In holding a motion to strike not well taken, the Court of Appeals said:

■■■ Moreover, it is ironical if not paradoxical that the Attorney General should have suggested to our lawmakers the text of Act 525, supra, so as to furnish due process, yet now moves to strike a pauper's record when already prepared at public expense. Under the spirit of Code 1940, T. 15, § 389, *this court will not honor requests to strike where a lower court, under Keeton, supra, has ordered a free transcript.* See Rule 48.[1] " (Emphasis Supplied)

"1. 'In cases at law where the court reporter's transcript of the evidence is not filed with the clerk of the circuit court within the time prescribed by law, but is filed within the time for taking an appeal, it will be considered by this court if no objection thereto is presented upon the submission of the cause; and it may be so considered in the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should or would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered.'—Rule 48."

Leonard v. State, 43 Ala.App. 454, 457, 192 So.2d 461, 463.

Defendant contends also that, in a decision subsequent to *Leonard,* the Court of Criminal Appeals has applied the rule declared in *Leonard,* and defendant's contention appears to be correct. In denying a motion to strike, the court said:

"This appeal was submitted March 9, 1967. The Attorney General has moved that we strike the record for tardy filing.

"I.

"[1] There was in the instant record no formal adjudication of Brummitt's indigency *after* conviction. However, in the first minute entry, January 18, 1966, the day after the sheriff arrested Brummitt on the indictment shows that the court found him to be financially unable to employ counsel. We find nothing to show a change of status.

"The motion is denied. Leonard v. State, 43 Ala.App. 454, 192 So.2d 461." Brummitt v. State, 44 Ala.App. 78, 79, 203 So.2d 133, 134.

In the instant case, the record does not show that defendant was indigent or that "free" counsel or a "free" transcript was furnished for him. According to *Leonard* and *Brummitt,* the Court of Criminal Appeals would have denied the instant motion to strike if the record had shown defendant to be financially unable to pay his lawyer or to pay for a transcript.

This court has said:

"A right of review in criminal cases by an appellate court is not a necessary element of due process of law, and it is wholly within the discretion of each state to refuse it or grant it on terms, District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843, provided it does not deny an appeal to certain persons while granting it to others similarly situated. State v. Guerrin-

ger, 265 Mo. 408, 178 S.W. 65; 16 C.J.S. Constitutional Law § 594, page 1191." Vernon v. State, 245 Ala. 633, 638, 18 So.2d 388.

Defendant says in brief:

"The 14th Amendment of the United States Constitution, provides that *all* citizens shall be given equal protection of the law. It is submitted that in the case at Bar Appellant has not been given equal protection of the law. Equal protection is denied when an appeal is dismissed where the same would not have been dismissed had the Appellant been an indigent. Article 1, Section 6, of the Constitution of the State of Alabama of 1901, provides that a citizen shall not be deprived of life, liberty or property without due process of law. It is submitted that to deprive the Appellant of his right to a hearing on the merits of his appeal is to deprive him of due process and equal protection of law."

We are not to be understood as being critical of the policy of refusing to strike a transcript for tardy filing in a criminal appeal. Indeed, Rule 48 expressly authorizes consideration of a transcript which was not filed within sixty days but was filed within the time for taking an appeal, as was done in the instant case. Such a policy seems to be fully justified by the decisions of federal courts in recent years. We are of opinion, however, that the policy cannot be applied to one appellant and denied to another solely on the basis of difference in their financial status. The time allowed an appellant for filing should be the same for all appellants, and one appellant cannot fairly be allowed less time than others simply because he pays for his transcript and lawyer, and the other does not pay.

Supreme Court Rule 48, supra, expressly authorizes the appellate court to consider a delayed transcript of evidence ". . . . even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should or would have been the subject of contest before the trial judge . . . ." No such affidavit appears here.

To apply the rule expressed and followed in *Leonard* and *Brummitt* by refusing to strike the transcript of an indigent defendant, and to apply the opposite rule to the instant defendant and strike his transcript and dismiss his appeal, is to discriminate against him because of his financial status. A defendant who pays for his lawyer and transcript is just as much entitled to the spirit of § 389, Title 15, and Supreme Court Rule 48 as a defendant who does not pay for his lawyer or transcript.

Let it be assumed that a Supreme Court Rule recites as follows:

"In appeals in criminal cases, when the transcript of evidence is tardily filed in the trial court, the transcript shall be stricken on motion of the state if appellant is not an indigent, but, the transcript shall not be stricken on motion of the state if appellant is an indigent."

Would such a rule deny to non-indigent appellants equal protection of the law? The classification would be based on the financial status of the appellants. Those appellants who have no money would be excused from filing within the time set by statute, but appellants who have money would not be excused. Clearly one class of appellants would enjoy a privilege which would be denied to the other class.

In the cases of *Leonard, Brummitt,* and the instant case, the Court of Criminal Appeals has applied Rule 48 as if it contained the provision which is assumed above to be in the hypothetical rule. Under the same circumstances the transcript of the non-indigent is stricken but the transcript of the indigent is not stricken. The defendant is entitled to have the statute [§§ 827(1)–827(4), Title 7, 1958

Recompilation of the Code of 1940] and Supreme Court Rule 48 applied to his case in the same manner in which the statute and rule are applied to indigent defendants in criminal cases. To apply the statute and rule to one defendant in a manner so as to allow him the right of review, and to apply the same statute and rule to another defendant in a different manner so as to deny him of the right of review, is a denial of equal protection of the laws and contrary to the requirements of Sections 6 and 13 of the Constitution of 1901, and of Amendment 14 of the Constitution of the United States.

For these reasons I would reverse the judgment of the Court of Criminal Appeals.

McCALL, J., concurs.