No. 71–6888. HADLEY v. ALABAMA. Sup. Ct. Ala. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

I vote to hear this case because I assume that equal protection and due process of law under our Constitution apply to the rich as well as to the poor, to whites as well as to the minorities.[1]

In Alabama a certified transcript or sufficient statement of the evidence must be filed within 60 days from the taking of an appeal or from the trial court's ruling on

---

[1] In *Johnson* v. *Committee on Examinations,* 407 U. S. 915, the Court last Term denied a petition for certiorari in a case from Arizona where a white candidate for admission to the Bar claimed discrimination against him as compared with the treatment accorded black candidates. It seems that the passing grade on the Arizona bar examination is 70. Petitioner alleged that he got below 70 and was rejected, while the blacks were admitted whose grades were likewise below 70 and no better than his own. I dissented from the denial of certiorari in that case. Like the present one, it seemed to be a case of reverse discrimination.

a motion for new trial, whichever is later.[2] Petitioner filed his transcript three days beyond the deadline. The Alabama Court of Criminal Appeals dismissed his appeal as out of time. *Hadley* v. *State,* 47 Ala. App. 738, 259 So. 2d 853 (1971).

The Supreme Court of the State of Alabama affirmed, with three justices dissenting. *Ex parte Hadley,* 288 Ala. 293, 259 So. 2d 853 (1972). Under the case law of the Supreme Court of Alabama, had petitioner been an indigent, such tardiness would not have prevented appeal. In *Leonard* v. *State,* 43 Ala. App. 454, 192 So. 2d 461 (1966), the transcript of evidence was filed approximately sixteen days after its due date. The court did not dismiss for tardiness but laid down a new procedure: "[T]his court will not honor requests to strike where a lower court . . . has ordered a free transcript. See Rule 48." *Id.,* at 457, 192 So. 2d, at 463. Such motion to dismiss was also denied in *Brummitt* v. *State,* 44 Ala. App. 78, 203 So. 2d 133 (1967), where the court allowed a late filing on a showing of indigency the day after defendant's arrest, although no formal adjudication of indigency was ever made.

The question petitioner Hadley raises here and raised in the Alabama Supreme Court below, is whether by case law, a State can give more time for filing of a transcript

---

[2] Code of Alabama, Title 7, § 827 (4) (1960):

"The court reporter's certified transcript shall be filed with the clerk within sixty days from the date of the taking of the appeal or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later; and any succinct statement of the evidence made in lieu of such transcript, as authorized in section 827 (3) hereof, shall be filed with the clerk within sixty days from the date of the taking of the appeal, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. Provided, that this period may be extended by the trial court for cause."

for a person without funds than for a person of wealth.[3] The exception for indigents was created by Rule 48 of the Supreme Court of Alabama which puts within the court's discretion the power to hear appeals in cases where the transcript filing is late but within time for taking an appeal.[4]  Such was the case here.  The spirit of the Rule is a generous and progressive one.  Although not written to create classes of appellants, the courts have added that feature.  The class is defined by wealth. We have held that a class based on wealth is inherently suspect.  *Williams* v. *Illinois,* 399 U. S. 235 (1970); *Tate* v. *Short,* 401 U. S. 395 (1971); *Boddie* v. *Connecticut,* 401 U. S. 371 (1971); *Harper* v. *Virginia Bd. of Elections,* 383 U. S. 663 (1966).  And when a suspect classification is made in such a manner as to impair a fundamental right, the burden on the State to prove a compelling state interest is a heavy one.  While there is no constitutional right to appeal, a State may not grant appellate review in such a way as to discriminate between those appellants who are wealthy and those who are poor.  *Griffin* v. *Illinois,* 351 U. S. 12, 18 (1956).

Alabama's law seems to be out of line with that principle.  I would therefore grant the petition and put the case down for oral argument.

---

[3] Petitioner obtained private counsel at trial and paid personally for the transcript, but was without counsel on appeal.

[4] Supreme Court of Alabama Rule 48:

"In cases at law where the court reporter's transcript of the evidence is not filed with the clerk of the circuit court within the time prescribed by law, but is filed within the time for taking an appeal, it will be considered by this court if no objection thereto is presented upon the submission of the cause; and it may be so considered in the discretion of the court, even though the point as to the delay be presented on appeal, unless counsel objecting thereto shall point out, with supporting affidavit, material omissions or defects in such certified transcript which should or would have been the subject of contest before the trial judge; in which latter event the certified transcript is not to be considered."