298 So.2d 649

**Carl Michael SEIBERT**

v.

**STATE.**

**8 Div. 493.**

Court of Criminal Appeals of Alabama.

June 25, 1974.

Rehearing Denied July 16, 1974.

Cloud, Berry, Ables, Blanton & Tatum, and James T. Baxter, III, Huntsville, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Larry L. Halcomb, Sp. Asst. Atty. Gen., Homewood, for the State.

TYSON, Judge.

The indictment by the Grand Jury of Madison County, Alabama, charged the appellant with the unlawful possession of "Ten (10) strips of paper containing Lysergic Acid Diethylamide" contrary to the

Alabama Uniform Controlled Substances Act of 1971.[1] The Jury found the appellant guilty as charged, and the judgment of the trial court set punishment at fifteen years imprisonment in the penitentiary. The appellant's motion for new trial was overruled.

I

The judgment entry in this cause is as follows:

"JUDGMENT ENTRY

"Comes the State of Alabama by its Assistant District Attorneys, Honorable Edgar Greene and Honorable Robert Shipman, also comes the defendant, Carl Michael Seibert, in his own proper person and with his attorney, Honorable Earl E. Cloud, and being duly arraigned in open Court upon an Indictment on a charge of Possession of LSD, for his plea thereto says he is not guilty. Issue is joined.

"Thereupon comes a jury of good and lawful women and men, to-wit: Paul T. Hurrell, and eleven others, who, being duly empanelled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said defendant, Carl Michael Seibert and his attorney, Honorable Earl E. Cloud, being in open Court at each and every stage and during all of the proceedings in this cause, now on this the 29th day of August, 1973, said jurors upon their oaths do say: 'We, the Jury, find the Defendant guilty as charged in the indictment. Paul T. Hurrell, Foreman.'

"The Defendant, Carl Michael Seibert, and his attorney, Honorable Earl E. Cloud, being in open Court, and the defendant, Carl Michael Seibert, being asked by the Court if he had anything to say why the judgment and sentence of the law should not be pronounced upon him, says nothing. The Court therefore adjudges defendant guilty as charged in the indictment and defers sentencing to 9:00 A.M. on September 12, 1973, and sets the bond pending sentencing at $5,000.00.

"This the 29th day of August, 1973.

"/s/ David R. Archer
Circuit Judge

"This being the date to which this cause was passed for sentencing the defendant, Carl Michael Seibert, and his attorney, Earl E. Cloud, appearing in open Court, and the defendant, Carl Michael Seibert, being asked by the Court if he had anything to say why the judgment and sentence of the law should not be pronounced upon him, says nothing. It is therefore considered by the Court and it is the judgment and sentence of the Court that the defendant, Carl Michael Seibert, be imprisoned in the State Penitentiary for fifteen (15) years as punishment for his crime, and before passing sentence the Court proceeded to ascertain by examination of the defendant, Carl Michael Seibert, and other evidence that the defendant, Carl Michael Seibert, is by trade or occupation a student, said defendant is of the male sex, and white race, is about 23 years of age, and his physical condition is good.

"Thereupon in open Court on this day, notice of appeal is entered and appeal bond is set at $5,000.00.

"This the 12th day of September, 1973.

"/s/ David R. Archer
Circuit Judge"

As may be seen the appellant was adjudged guilty on August 29, 1973, by the trial court, and the cause passed for sentencing until September 12, 1973, at which time the court fixed punishment at fifteen years imprisonment. Also on this date, September 12, 1973, notice of appeal was given in open court.

---

1. Title 22, Section 258 (25–60), Code of Alabama 1940, as amended 1971.

A motion for new trial was filed and presented to the court on September 12, 1973. On October 11, 1973, the motion for new trial was denied.

Thereafter, the appellant, through counsel, filed a written notice of appeal, dated November 16, 1973. The court reporter filed his transcript of the testimony with the circuit clerk of Madison County, Alabama, on January 14, 1974. The circuit clerk of Madison County, Alabama, then certified the complete transcript under date of March 8, 1974, and which transcript was filed in this Court on March 12, 1974. There are no orders of the trial court contained in the transcript extending the time for which the court reporter's transcript could be filed with the circuit clerk.

Mr. Justice Merrill, in Relf v. State, 267 Ala. 3, 99 So.2d 216, discussed this matter as follows:

"Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, as amended February 17, 1956, reads as follows:

" 'In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing to the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must

have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order.'

"Rule 37 clearly requires the filing of the transcript of the record in this court within sixty days from two possible dates. The first date is the actual establishment of the bill of exceptions or the transcript of the testimony. The procedure for establishing the bill of exceptions or the transcript of the evidence is set out in the 1940 Code, Pocket Part, listed as Tit. 7, § 827(1a). Usually, no objections are made and in that event, the correctness of the transcript of the evidence is conclusively presumed as of the date of its filing. Section 827(1a), supra. There should be no difficulty in arriving at the correct date from which the sixty days begin to run."

Further from *Relf*:·

" . . . [W]hat is the date from which the sixty days begin to run? We set that date as the last day upon which the transcript of the evidence *could* or *should* have been filed by the court reporter with the circuit clerk. . . ."

In the case at bar, the Attorney General has filed a motion to strike the court reporter's transcript as not being timely filed by the court reporter with the circuit clerk. There is no showing of indigency anywhere in the transcript in this cause.

We hold that the court reporter's transcript of the testimony should have been filed with the circuit clerk within sixty days from October 11, 1973, since notice of appeal had been given in open court on the same date as sentencing, September 12, 1973. Relf v. State, supra.

 We note that there were no extensions of time requested or shown in this record. Since the court reporter's transcript was not filed with the circuit clerk in this cause until January 14, 1974, which is more than sixty days after the denial of the motion for new trial, the motion of the Attorney General to strike the transcript of the evidence is due to be granted. Granger v. State, 39 Ala.App. 461, 103 So. 2d 835; Relf v. State, supra.

The motion to strike the transcript of the evidence being granted, we have examined the record proper. It is in all respects regular. This judgment is therefore due to be affirmed, and it is so ordered.

The transcript of the evidence stricken; judgment affirmed.

Affirmed.

CATES, P. J., and ALMON, HARRIS and DeCARLO, JJ., concur.