313 So.2d 561

**Robert I. FERGUSON**

v.

**STATE.**

**I Div. 508.**

Court of Criminal Appeals of Alabama.

March 4, 1975.

Rehearing Denied April 1, 1975.

Wyman O. Gilmore, Grove Hill, Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted for the grand larceny of fifty butcher sows and one white boar, of the value of $3600.00, personal property of A. V. Campbell, Jr.

The appellant was represented at trial, on October 29–30, 1973, by retained counsel, and on October 30, 1973, was found guilty as charged by the jury. The trial court then entered judgment, setting sentence at three years imprisonment. On this same date, the appellant gave notice of appeal in open court.

On November 30, 1973, the appellant, through his retained counsel, filed a motion for new trial, and this was continued by the trial court until February 5, 1974, at which time the cause was heard in open court, with the appellant and his attorney being present, and was denied.

On March 27, 1974, the appellant filed a motion requesting probation, which motion was continued until May 13, 1974, and following a full hearing in open court, was denied on this date.

The court reporter's transcript of the testimony in this cause was filed in the office of the circuit clerk on June 26, 1974. There were no extensions of time requested or shown in the record in this cause. Moreover, there is no showing of indigency anywhere in the transcript in this cause.

On May 13, 1974, a certificate of appeal was filed by the clerk of the Circuit Court of Washington County, which noted that the appellant's motion for new trial was denied on February 5, 1974, and also that the appellant had given notice of appeal also on this same date.

On September 3, 1974, the Circuit Judge entered an order granting the circuit clerk thirty additional days in which to file the transcript of the record in the Court of Criminal Appeals of Alabama.

On September 26, 1974, the Court of Criminal Appeals, upon motion of the appellant, granted an extension of sixty days for the circuit clerk to file the transcript of the record in this court. The certificate of the circuit clerk of Washington County, Alabama, is dated November 22, 1974, and the complete record was filed in this court on November 25, 1974.

I

In the case at bar, the Attorney General has filed a motion to strike the court reporter's transcript of the testimony as not being timely filed by the court reporter with the circuit clerk. There were no extensions of time requested by the appellant or his attorney, nor are there any extensions shown in this record to allow the court reporter additional time to file this record. See Rule 37, Supreme Court of Alabama, Revised Rules of Practice, Title 7, Appendix, Code of Alabama 1940; Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331; Relf v. State, 267 Ala. 3, 99 So.2d 216. See also Hadley v. State, 288 Ala. 293, 259 So.2d 853.

As noted above, the appellant gave notice of appeal on the same date that the trial court originally pronounced judgment and sentence in this cause, October 30, 1973.

The appellant's motion for new trial was overruled on February 5, 1974, and also

the appellant gave notice of appeal a second time on this date.

Thereafter, there were no extensions of time requested for the court reporter to file the transcript of the testimony with the circuit clerk.

As noted above, there is also no showing of indigency anywhere in the transcript in this cause.

■ We hold that the court reporter's transcript of the testimony should have been filed with the circuit clerk within sixty days from February 5, 1974, since this was the date on which the motion for new trial was overruled by the Circuit Court.

Under the opinion of the Supreme Court of Alabama in Relf v. State, supra, the sixty day period in which the transcript of the testimony in this cause *could* or *should* have been filed by the court reporter with the circuit clerk, began to run on this date.

■ Since the court reporter's transcript of the testimony was not filed with the circuit clerk within sixty days after the denial of the motion for new trial, the motion of the Attorney General to strike the transcript of the evidence is due to be granted. Relf v. State, 267 Ala. 3, 99 So.2d 216; Granger v. State, 39 Ala.App. 461, 103 So. 2d 835; Albert v. State, 274 Ala. 579, 150 So.2d 198; Holcombe v. State, 40 Ala.App. 205, 110 So.2d 342.

■ Moreover, it should be here noted that the order denying probation is not reviewable upon the appeal from the judgment of conviction. Parnell v. State, 35 Ala.App. 532, 49 So.2d 919; Hughes v. State, 45 Ala.App. 250, 228 So.2d 862; Hinkle v. State, 50 Ala.App. 215, 278 So.2d 218.

■ The motion to strike the transcript of the evidence being granted, we have examined the record proper. It is in all respects regular. This judgment is therefore due to be affirmed and it is so ordered Granger v. State, supra; Seibert v. State, 53 Ala.App. 229, 298 So.2d 649, cert. denied 292 Ala. 748, 298 So.2d 652. The transcript of the evidence is stricken. Sweat v. State, 54 Ala.App. 111, 305 So.2d 386, cert. denied 293 Ala. 775, 305 So.2d 386.

The judgment is

Affirmed.

CATES, P. J., and HARRIS and BOOKOUT, JJ., concur.

DeCARLO, J., dissents.

DeCARLO, Judge (dissenting).

This matter points up the wisdom of the dissent filed by our Chief Justice and the eminent Associate Justice James S. Coleman, Jr., in Hadley v. State, 288 Ala. 293, 259 So.2d 853.

I wholeheartedly concur and file this dissent reiterating what they so masterfully said but minus the ability of their eloquence.

While I too, agree that indigents should be given an equal measure of justice and no less, it certainly smacks of inequality when one who is able to employ counsel is denied the right to perfect his appeal because the time specified for filing the transcript was not strictly adhered to, when under the same circumstances, one who was indigent would be allowed to implement his appeal and disregard the specifications and limitations.

Although I am aware of the attorney's responsibility to file the transcript within the required sixty days, it remains an escapable fact that regardless of where the fault lies in an indigent situation, the appeal would be considered timely in all respects.

There is something inherently wrong with a rule that, under the guise of equal justice, gives an indigent defendant far more rights than another who uses his own resources to obtain the same thing—justice.