315 So.2d 605

**Herbert STOCKARD**

**v.**

**STATE.**

**6 Div. 885.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

**370**

Tweedy, Jackson & Beech, Jasper, for appellant.

William J. Baxley, Atty. Gen., and Carol Jean Smith, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was charged with assault with intent to murder one Giles Anderson. Appellant was duly arraigned on August 5, 1974, accompanied by counsel, and entered a plea of not guilty. The cause was set for trial for October 15, 1974, and on October 16, 1974, the trial commenced. On October 18, 1974, the jury found the appellant guilty of assault and battery, and the trial court entered judgment on this same date, setting sentence at six months imprisonment in the Walker County Jail. The appellant gave notice of appeal and posted appeal bond, also on October 18, 1974.

The indictment and ensuing trial in this cause arose out of a shooting incident, which occurred at the home of the appellant's mother on March 6, 1974, in Jasper, Alabama. We need not here delineate the facts due to the following circumstances which occurred following trial.

## I

The appellant, through his attorney, filed a motion for new trial on November 6, 1974, and the trial court entered its order continuing same for a hearing until November 25, 1974. On December 5, 1974, the trial court overruled the motion for new trial. On January 28, 1974, the appellant filed a written notice of appeal with the circuit clerk, and a court reporter's transcript of the evidence was filed with the circuit clerk on March 24, 1975. The complete transcript is certified to by the circuit clerk under date of April 22, 1975, and was filed in this Court on April 23, 1975.

The Attorney General has filed a motion to strike the transcript of the evidence, transcript of the record proper, and to dismiss this appeal, citing *Relf v. State*, 267 Ala. 3, 99 So.2d 216, and *Mahone v. State*, 39 Ala.App. 567, 105 So.2d 134. We are of the opinion that the Attorney General's motion is well taken.

There is no order of the trial court continuing the motion for new trial from the date on which the same was heard, November 25, 1974, until its ruling on December 5, 1974, denying this motion. Under *Mahone v. State*, supra, the motion for new trial thereby became discontinued, and its order of December 5, 1974, overruling same, was of no legal effect. *Relf v. State*, supra; *Mahone v. State*, supra.

Moreover, the appellant had given oral notice of appeal on the same date as he was sentenced, and also filed his appeal bond, all on October 18, 1974.

We therefore hold that the court reporter's transcript of the evidence should have been filed with the circuit clerk within sixty days from October 18, 1974, since notice of appeal had been given in open court on this date, which was also the date of sentencing of the appellant. *Relf v. State*, 267 Ala. 3, 99 So.2d 216; *Seibert v. State*, 53 Ala.App. 229, 298 So.2d 649, cert. denied, 292 Ala. 748, 298 So.2d 652.

We note that there were no extensions of time requested or shown in this transcript. Moreover, there is no showing of indigency anywhere in this transcript. See *Hadley v. State*, 288 Ala. 293, 259 So.2d 853; *Ferguson v. State*, 313 So.2d 561, 1975, cert. denied, May 8, 1975, 294 Ala. ——, 313 So.2d 564. The motion to strike the transcript of the evidence is due to be granted, and also the motion to strike the entire transcript, since it affirmatively appears that this was not filed in this Court until April 23, 1975, there being no extensions of time granted for this purpose.

The Attorney General's motion being well taken, the entire record is due to be and the same is hereby stricken. *Mahone v. State*, 39 Ala.App. 567, 105 So.2d 134; *Sweat v. State*, 54 Ala.App. 111, 305 So.2d 386, cert. denied, 293 Ala. 775, 305 So.2d 386.

Record stricken, appeal dismissed.

All the Judges concur.