321 So.2d 252

Mary Frances **HOUSTON**

v.

**STATE.**

**6 Div. 953.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1975.

Sheffield & Dunn, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Under Supreme Court Rule 37 the Attorney General has moved that we strike· the record as tardily filed and consequently dismiss the appeal. The motion sets forth the grounds as follows:

"1. For that appellant was convicted in the Circuit Court of Jefferson County, Alabama, on the 6th day of December, 1974.

2. For that the appellant was sentenced and gave notice of appeal on the 6th day of December, 1974.

3. For that the record does not reflect the filing of a motion to extend the time for the filing of the court reporter's transcript of the evidence, nor does the record reflect an order of the trial court granting an extension for the filing of said transcript.

4. For that a motion for new trial was filed by the appellant on the 10th day of January, 1975.

5. For that the motion for new trial was overruled on the 11th day of March, 1975.

6. For that the record was not filed in this court until the 30th day of June, 1975, which is more than 60 days from the ruling on the motion for new trial.

7. For that it affirmatively appears that the record in this case was not filed according to law."

Code 1940, T. 13, § 119 controls the time for moving for a new trial in the circuit court. Thirty days after rendition of judgment in Jefferson County the trial court loses "all power over it, as completely as if the end of the term had been on that day, unless a motion to * * * grant a new trial has been filed and called to the attention of the court, etc." See also, Michie's Code T. 7, § 827(1) et seq. and *Relf v. State*, 267 Ala. 3, 99 So.2d 216.

Appellant is not before us in forma pauperis. *Hadley v. State*, 288 Ala. 293, 259 So.2d 853, cert. den. 409 U.S. 937, 93 S.Ct. 245, 34 L.Ed.2d 190.

 Since the motion for new trial was filed beyond the thirty day period it was a nullity. Hence, the time allowable to get the record to this Court started running on the day the judgment of conviction was rendered, December 6, 1974. The filing on June 30, 1975 was too late. The State's motion is well taken. Nor do we have the discretion to ignore it.

Motion granted; record stricken; appeal dismissed.

All the Judges concur.